**IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT**

_____

No. 23-11979

_____

ROBERT J. ARMIJO

Appellant

v.

BURTON WIAND, ET AL.

Appellees

Appeal from the United States
District Court for the Middle District of Florida
Lower Case No. 8:20-cv-00325-MSS-MRM

_____


**MOTION TO DISMISS APPEAL
OF NON-PARTY ROBERT J. ARMIJO
<u>FOR LACK OF STANDING</u>**

No. 23-11979
*Armijo v. Wiand, et al.*

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Fed. R. App. P. 26.1 and 11th Cir. R. 26.1-1, Appellee, Burton W. Wiand hereby discloses the following list of known persons, associated persons, firms, partnerships or corporations that have a financial interest in the outcome of this case, including all subsidiaries, conglomerates, affiliates, parent corporations, and other identifiable legal entities related to a party in this case:

1.    128 E. Davis Blvd, LLC - Defendant

2.    2101 W. Cypress, LLC - Defendant

3.    2112 W. Kennedy Blvd, LLC - Defendant

4.    310 78th Ave, LLC - Defendant

5.    5123 E. Broadway Ave, LLC – Defendant

6.    551 3D Ave S, LLC - Defendant

7.    604 West Azeele, LLC - Defendant

8.    Agents Insurance Sales, Sales Agent Defendant

9.    Agle, Daniel S. – Attorney for Law Firm Defendant DLA Piper, LLP (US)

10.   Allen, D. Matthew – Attorney for Defendant Paul Wassgren

11.    American Financial Investments, LLC, Sales Agent Defendant

12.    American Financial Security, LLC, Sales Agent Defendant

13.    Armijo, Robert Joseph – Appellant/Objector

14.    Anthony, John A. – Attorney for Sales Agent Defendants REIT Alliance Marketing, LLC; Ernest Babbini; Greg Talbot; John Friedrichsen; Agents Insurance Sales; Barry Wilken; Barry Neal; and Ben Mohr

15.    Anthony, Stephenie Biernacki – Attorney for Sales Agent Defendants REIT Alliance Marketing, LLC; Ernest Babbini; Greg Talbot; John Friedrichsen; Agents Insurance Sales; Barry Wilken; Barry Neal; and Ben Mohr

16.    Atkinson, David R. – Attorney for Law Firm Defendant Fox Rothschild, LLP

17.    Babbini, Ernest "Cal", Sales Agent Defendant

18.    Balint, Francis J., Jr. – Attorney for Movant Investor Plaintiffs

19.    Bampha, Effiong K. – Attorney for Law Firm Defendant Fox Rothschild, LLP

20.    Beitchman, David P. – Attorney for Sales Agent Defendants REIT Alliance Marketing, LLC; Ernest Babbini; Greg Talbot; John

Friedrichsen; Agents Insurance Sales; Barry Wilken; Barry Neal; and Ben Mohr

21.    Beitchman & Zekian, P.C. – Attorneys for Sales Agent Defendants REIT Alliance Marketing, LLC; Ernest Babbini; Greg Talbot; John Friedrichmen; Agents Insurance Sales; Barry Wilken; Barry Neal; and Ben Mohr

22.    Ben Mohr, Inc., Sales Agent Defendant

23.    Ben Mohr, LLC, Sales Agent Defendant

24.    Bennett, Justin – Attorney for Law Firm Defendant Fox Rothschild, LLP

25.    Bentley, Arthur Lee, III – Attorney for Movant DLA Piper LLP

26.    Blatt, David – Attorney for Law Firm Defendant DLA Piper, LLP (US)

27.    Blatt, Gayle M. – Attorney for Movant Investor Plaintiffs

28.    Blue Waters TI, LLC – Defendant

29.    BNA2, LLC - Defendant

30.    Boniadi, Andre – Attorney for Sales Agent Defendants REIT Alliance Marketing, LLC; Ernest Babbini; John Friedrichsen; Agents Insurance Sales; Barry Wilken; Barry Neal; and Ben Mohr

31.    Bonnett Fairbourn Friedman & Balint – Attorneys for Movant Investor Plaintiffs

32. Borger-Gilligan, Frank R. – Attorney for Sales Agent Defendants Elliott Financial Group, Inc., and Todd Elliott

33. Borrello, Robert J., Attorney for Investor Plaintiffs

34. BR Support Services, LLC – Defendant

35. Bradley Arant Boult Cummings LLP – Attorneys for Movant DLA Piper LLP

36. Bungalows TI, LLC – Defendant

37. Burns, Guy M., Attorney for Appellee Burton Wiand

38. Bushman, Howard Mitchell – Attorney for Movant Investor Plaintiffs

39. Capri Haven, LLC – Defendant

40. Carlton Fields, P.A. – Attorneys for Movant Wassgren

41. Casey Gerry Schenk Francavilla Blatt & Penfield – Attorneys for Movant Investor Plaintiffs

42. Casey, David S., Jr., Attorney for Investor Plaintiffs

43. Celli, John, Investor Plaintiff

44. Celli, Maria, Investor Plaintiff

45. Cobleigh, Robert, Investor Plaintiff

46. Cohen, Lonnie – Former Attorney for certain Defendants

47. Davis, Gerald D. – Attorney for Defendant Davison

48. Davison, Brian – Defendant

49. Dickinson Wright, PLLC – Attorneys for Elliott Financial Group, Inc., and Todd Elliott

50. DLA Piper LLP - Movant

51. Donlon, Katherine C. – Attorney for Receiver

52. Dunn DeSantis Walt & Kendrick, LLP – Attorneys for Objector Armijo

53. EA NY, LLC - Defendant

54. EA SIP, LLC – Defendant

55. Edelsberg Law, P.A. – Attorneys for Movant Investor Plaintiffs

56. Elliott Financial Advisors, LLC, Sales Agent Defendant

57. Elliott Financial, Group, Inc., Sales Agent Defendant

58. Elliott, Todd, Sales Agent Defendant

59. Equialt 519 3rd Ave S., LLC - Defendant

60. Equialt Capital Advisors

61. Equialt Fund II, LLC – Defendant

62. Equialt Fund, LLC - Defendant

63. Equialt LLC – Defendant

64. Equialt Qualified Opportunity Zone Fund, LP

65. Equialt Secured Income Portfolio REIT, Inc.

66. Evangelist, Britt – Attorney for Defendant Paul Wassgren

67. Family Tree Estate Planning, LLC, Sales Agent Defendant

68.  Farano, Charles – Attorney for Stallmo Intervenor Defendants

69.  Fels, Adam Seth – Attorney for Defendant Rybicki

70.  Fischer, Howard Andrew – Attorney for Defendant Davison

71.  Fleesler, Gregory J. – Attorney for Defendant Davison

72.  Fox Rothschild LLP - Movant

73.  Friedman Fels & Soto, PLLC – Attorneys for Defendant Rybicki

74.  Friedman, Andrew S. – Attorney for Movant Investor Plaintiffs

75.  Friedrichsen, John E. Sales Agent Defendant

76.  Garber, Jeffrey Mark – Attorney for Sales Agent Defendants J. Prickett
     Agency, and Joe Prickett

77.  Gaugash, Simon Alexander – Attorney for Movant Paul Wassgren

78.  Gleinn, Phyllis, Investor Plaintiff

79.  Gleinn, Richard, Investor Plaintiff

80.  Gray, James D., Sales Agent Defendant

81.  Greenberg, Bertram D. as trustee for the Greenberg Family Trust,
     Investor Plaintiff

82.  Guerra King – Attorneys for Receiver

83.  Gunster – Attorneys for Movant Fox Rothschild LLP

84.  Hagerty, Brian P. – Attorney for Law Firm Defendant DLA Piper, LLP
     (US)

85.   Hannen, Bruce R., Investor Plaintiff

86.   Hannen, Geraldine Mary, Investor Plaintiff

87.   Harris, Charles M., Jr. – Attorney for Defendant Davison

88.   Horniak, David M. – Attorney for Law Firm Defendant DLA Piper, LLP (US)

89.   Hoyle, Erin J. – Attorney for Defendant Paul Wassgren

90.   Hubbard, John A. – Attorney for Sales Agent Defendants J. Wellington Financial, LLC, and Jason Jodway

91.   Hubbard Snitchler & Parzianello, PLC – Attorneys for Sales Agent Defendants J. Wellington Financial, LLC, and Jason Jodway

92.   Ilgenfritz, Scott C. - Attorney for Appellee Burton Wiand

93.   Investor Plaintiffs (approximately 1,100 investors in various Equialt entities) – Movants

94.   J. Wellington Financial, LLC, Sales Agent Defendant

95.   Jared J. Perez P.A. – Attorneys for Receiver

96.   Jodway, Jason, Sales Agent Defendant

97.   Johnson, Alise M. – Attorney for SEC

98.   Johnson, Newlon & DeCort – Attorneys for Receiver

99.   Johnson, Pope, Bokor, Ruppel & Burns, LLP – Attorneys for Receiver

100.  Kolod, Alexandra P. – Attorney for Defendant Davison

101.  LaDuca, Tim, Sales Agent Defendant

102.  Law Offices of Allan M. Lerner, P.A. – Attorneys for Sales Agent Defendants Live Wealthy Institute, LLC, and Dale Tenhulzen

103.  Law Offices of Charles M. Farano – Attorneys for Intervening Defendants Scott and Dawn Stallmo

104.  Lerner, Allan – Attorney for Sales Agent Defendants Live Wealth Institute, LLC, and Dale Tenhulzen

105.  Live Wealthy Institute, LLC - Sales Agent Defendant

106.  Magilligan, Donald J. – Attorney for Objector Mar

107.  Marketing Dynamics, Inc., Sales Agent Defendant

108.  MA Sears, LLC, d/b/a Picasso Group, Sales Agent Defendant

109.  McDonald Revocable Living Trust – Defendant

110.  McFaul, James A. – Attorney for Objector Armijo

111.  McNamara, Michael P. – Attorney for Law Firm Defendant Fox Rothschild, LLP

112.  Meier, Eva, Investor Plaintiff

113.  Mirmira, Vidya – Attorney for Law Firm Defendant DLA Piper, LLP (US)

114.  Mitchell, Robert D. – Attorney for Sales Agent Defendants Family Tree Estate Planning, LLC; Jason Wooten; American Financial Security,

LLC; Ronald Stephenson; Marketing Dynamics, Inc.; Tim Laduca; and American Financial Investments, LLC

115. Mohr, Ben, Sales Agent Defendant

116. Molumphy, Mark C. – Attorney for Objector Mar

117. Morse, Adriaen M., Jr. – Attorney for Objector Armijo

118. Moses & Singer, LLP – Attorneys for Defendant Davison

119. Moskowitz, Adam M. – Attorney for Movant Investor Plaintiffs

120. Murphy, Georgia, Investor Plaintiff

121. Nason Yeager Gerson Harris & Fumero – Attorneys for J. Prickett Agency and Joe Prickett

122. Neal, Barry, Sales Agent Defendant

123. O'Brien, Russell – Attorney for SEC

124. O'Neal, Marcia, Investor Plaintiff

125. O'Neal, Rory, Investor Plaintiff

126. O'Neal, Sean, as trustee for the O'Neal Family Trust, Investor Plaintiff

127. Padgett Law, PA – Attorneys for Defendant Davison

128. Padgett, Stanley T. – Attorney for Defendant Davison

129. Parzianello, Eric – Attorney for Sales Agent Defendants J. Wellington Financial, LLC, and Jason Jodway

130. Perez, Jared J. – Attorney for Receiver

131. Perlman, Alan J. – Attorney for Sales Agent Defendants Elliott Financial Group, Inc., and Todd Elliott

132. Phelps, Kathy Bazoian – Attorney for Burton W. Wiand, Receiver

133. Prevost, Tamarah P. – Attorney for Objector Mar

134. Purdy, Lauren V. – Attorney for Law Firm Defendant Fox Rothschild, LLP

135. REIT Alliance Marketing, LLC, Sales Agent Defendant

136. Richman, Stephen C. – Attorney for Law Firm Defendant Fox Rothschild, LLP

137. Rokay Unlimited, LLC, Sales Agent Defendant

138. Rosing, Heather L. – Attorney for Law Firm Defendant DLA Piper, LLP (US)

139. Rubenstein, Tracey F. Rubinstein as trustee for the Rubenstein Family Living Trust dated 6/25/2010, Investor Plaintiff

140. Rubinstein, Steven J., as trustee for Rubinstein Family Living Trust dated 6/25/2010, Investor Plaintiff

141. Russomanno Herman J., Counsel for Investor Plaintiffs

142. Russomanno, Herman J., III - Counsel for Investor Plaintiffs

143. Rybicki, Barry M. – Defendant

144. Schifino, William J., Jr. – Attorney for Movant Fox Rothschild LLP

145.  Schwartzbaum, Adam A. – Attorney for Movant Investor Plaintiffs

146.  Sears, DeAndre, Sales Agent Defendant

147.  Sears, Maria Antonia, Sales Agent Defendant

148.  SECIL Law PLLC – Attorneys for Objector Armijo

149.  Securities and Exchange Commission – Plaintiff

150.  Seek Insurance Services, LLC, Sales Agent Defendant

151.  Silver Sands TI, LLC – Defendant

152.  Simon, Leonard B - Attorney for Investor Plaintiffs

153.  Smith, Anthony Ryan – Attorney for Sales Agent Defendants Family Tree Estate Planning, LLC; Jason Wooten; American Financial Security, LLC; Ronald Stephenson; Marketing Dynamics, Inc.; Tim Laduca; and American Financial Investments, LLC

154.  Smith, Gambrell & Russell LLP – Attorneys for Receiver

155.  Sonn Law Group PA – Attorneys for Movant Investor Plaintiffs

156.  Sonn, Jeffrey Roger – Attorney for Movant Investor Plaintiffs

157.  Spooner, Anthony R., Sales Agent Defendant

158.  Stallmo, Dawn – Intervenor Defendant

159.  Stallmo, Scott – Intervenor Defendant

160.  Stevenson, Barbara, Sales Agent Defendant (deceased)

161.  Stevenson, Ronald F., Sales Agent Defendant

162. Stines, Robert A. – Attorney for Receiver

163. Swanson, Edward, Attorney for Paul Wassgren

164. Swanson, Edward W. – Attorney for Defendant Paul Wassgren

165. Talbot, Greg, Sales Agent Defendant

166. TB Oldest House Est. 1842, LLC – Defendant

167. Tenhulzen, Dale, Sales Agent Defendant

168. The Moskowitz Law Firm – Attorneys for Movant Investor Plaintiffs

169. Tiffany & Bosco, P.A. – Attorneys for Sales Agent Defendants Family Tree Estate Planning; Jason Wooten; American Financial Security, LLC; Ronald Stephenson; Marketing Dynamics, Inc.; Tim Laduca; and American Financial Investments, LLC

170. Toone, Cary, Investor Plaintiff

171. Trenam Law – Attorneys for Defendant Davison

172. Villa, John K. – Attorney for Law Firm Defendant DLA Piper, LLP (US)

173. Wassgren, Paul - Movant

174. Wiand, Burton W. – Receiver

175. Wilken, Barry, Sales Agent Defendant

176. Wooten, James, Sales Agent Defendant

# **TABLE OF CONTENTS**

Certificate Of Interested Persons And Corporate Disclosure Statement ...............C-1

Table of Citations ............................................................................................... ii

I.      Introduction................................................................................................1

II.     Procedural Background .............................................................................4

-      The Receiver's and Investor Plaintiffs' Settlement with the Lawyer
       Defendants ........................................................................................4

-      EquiAlt Sales Agent Armijo ...........................................................6

-      Armijo's Self-Declared "Non-Party" Status .................................8

III.    Legal Argument.........................................................................................9

A.     Armijo's Appeal Should be Dismissed for Lack of Appellate Standing
       ...........................................................................................................9

B.     No Recognized Exception to *Marino* Applies Here. ...........................13

IV.     Conclusion ...............................................................................................16

Certificate Of Compliance  ....................................................................................17

Certificate Of Service...........................................................................................18

## <u>TABLE OF CITATIONS</u>

**Cases**

*AAL High Yield Bond Fund v. Deloitte & Touche LLP*, 361 F.3d 1305
   (11th Cir. 2004) .........................................................................................10

*Bischoff v. Osceola Cty.*, 222 F.3d 874 (11th Cir. 2000)........................................13

*Bush v. Walter Energy, Inc*., Case No. 16-12249 (11th Cir. Sept. 1, 2016)............14

*Carter v. Forjas Taurus, S.A*., 701 F. App'x 759 (11th Cir. 2017).........................13

*Case v. Ivey*, 21-10191-CC, 2021 WL 3124014 (11th Cir. June 23, 2021) ..... 10, 15

*Daniels v. Upton, Georgia Dep't of Corr.*, No. 17-14067-D, 2018
   WL 7572811 (11th Cir. Dec. 11, 2018) ...............................................10

*Devlin v. Scardelletti*, 536 U.S. 1 (2002)................................................................13

*Ex parte Cutting*, 94 U.S. 14 (1876) ........................................................................9

*In re Southeast Banking Corp., Sec. Litig.*, 51 F.3d 1003 (11th Cir. 1995),
   *cert. den.*, 516 U.S. 1044 (1996) .................................................... 12, 15

*In re Zantac (Ranitidine) Prod. Liab. Litig.*, No. 23-10090-J, 2023 WL
   2849068 (11th Cir. Mar. 22, 2023).........................................................9

*In re. S.S. Retail Stores Corp.*, 216 F.3d 882 (9th Cir. 2000)..................................15

*Kimberly Regenesis, LLC v. Lee Cnty.*, 64 F.4th 1253 (11th Cir. 2023).............9, 14

*Lindsey v. Fayette Cnty. Bd. of Com'rs*, 542 Fed. Appx. 747 (11th Cir. 2013).......10

*Matter of Munford, Inc*., 97 F.3d 449 (11th Cir. 1996) .............................................2

*Reynolds v. Butts*, 312 F.3d 1247 (11th Cir. 2002)..................................................14

*S.E.C. v. Quiros*, 966 F.3d 1195 (11th Cir. 2020) ....................................................2

*SEC v. Holt*, 2009 WL 766535 (9th Cir. 2009) ........................................15

*United States ex rel. Louisiana v. Jack*, 244 U.S. 397 (1917) .................................12

*United States v. Hays*, 515 U.S. 737 (1995) ............................................13

*United States v. Parks*, 789 Fed. Appx. 579 (9th Cir. 2020) .................................15

*Wolff v. Cash 4 Titles*, 351 F.3d 1348 (11th Cir. 2003) .................................... 12, 15

**Statutes**

28 U.S.C.A. § 1657 ........................................................4

**Rules**

11th Cir. R. 34-4(f) ........................................................4

Fed. R. App. P. 2 ........................................................4

Fed. R. App. P. 27 ........................................................2

Fed. R. App. P. 3 ........................................................4, 10

Fed. R. Civ. P. 24 ........................................................10

## I.     Introduction

The settlement at issue in this action ("the Receivership Action") involves the efforts of the Securities Exchange Commission ("the SEC"), its court-appointed Receiver Burton Wiand ("the Receiver"), and a group of investor plaintiffs ("the Investor Plaintiffs") to recoup losses suffered in connection the offer and sale of unregistered securities by EquiAlt LLC ("EquiAlt") using unlicensed sales agents (the "EquiAlt Sales Agents").

Through coordinated litigation and a JAMS mediation of their claims, the Receiver and the Investor Plaintiffs secured a $44 million settlement agreement ("the Settlement") with EquiAlt's outside securities counsel, Paul Wassgren ("Wassgren") and the law firms with which he was affiliated (collectively, "the Lawyer Defendants"). The Settlement resolved all claims against the Lawyer Defendants asserted by the Receiver and by the Investor Plaintiffs in two separate lawsuits pursued outside the Receivership Action. By agreement of the settling parties, the net settlement funds are to be distributed through the Receivership Action. The Lawyer Defendants conditioned their payment of the $44 million in settlement funds, however, on the entry of a bar order precluding the assertion of further claims against them in connection with the sale of the EquiAlt securities by dozens of third-parties, including by the EquiAlt Sales Agents ("the Bar Order"). [ECF No. 875-1 at 5-6, ¶¶ 12-16]

1

Applying established Eleventh Circuit precedent, the district court in May 2023 entered its orders approving the Settlement and entering the requested Bar Order. In particular, the district court found that the Bar Order is both (a) "essential" to the Settlement under *S.E.C. v. Quiros*, 966 F.3d 1195 (11th Cir. 2020), and (b) fair and equitable under the factors set forth in *Matter of Munford, Inc*., 97 F.3d 449 (11th Cir. 1996).  [ECF No. 914 at 1-3; ECF No. 915 at 8-9, 12, 14][1]

The **sole objector** to the $44 million Settlement was Robert J. Armijo ("Armijo"), a former EquiAlt Sales Agent who had received over $1 million in commissions for illegally selling the unregistered EquiAlt securities even though he was not licensed to do so.

Armijo has sued the Lawyer Defendants in California, and that case is barred by the Court approved settlement. [ECF No. 875-1 at 9-10; ECF No. 915 at 13-22] At the same time, Armijo has asserted identical claims against the Receiver through the Court approved claims process in the Receivership Action.  By filing his Proof of Claim, Armijo has agreed to the exclusive jurisdiction of the Court in the

---

[1] Pursuant to FRAP 27 (a)(B)(iii) copies of the district court's Final Order (I) Approving Settlement Among Receiver, Investor Plaintiffs, and Paul Wassgren, DLA Piper LP (US) And Fox Rothschild LLP; and (II) Barring Restraining, and Enjoining Claims Against the Attorney Released Parties and the district court's Order Denying Non-Party Robert J. Armijo's Objection to the Proposed Bar Order are attached as Composite Exhibit "A"

Receivership Action. [ECF No. 875-1 at 7-10]  Those claims are not barred by the Court approved settlement.  [ECF No. 914 at 2-3]

In separate but related lawsuits (a) the SEC has obtained summary judgment against Armijo for disgorgement of the unlawful commissions, fines, and penalties, and (b) the Receiver has obtained summary judgment and a final judgment against Armijo voiding the fraudulent transfers made to Armijo.  [ECF Nos. 865-1 and 865-2]  To counter these two successful federal enforcement actions against him, Armijo has singlehandedly obstructed implementation of the Settlement by filing  the **sole** notice of appeal in this Receivership Action. Armijo has done so even though he is admittedly not a party to **any** of the related actions underpinning the Settlement, and without otherwise establishing his standing to appeal by moving to intervene under Fed. R. Civ. P. 24. To the contrary, Armijo himself took pains in his filings to **emphasize** his **non-party** status.  [*See, e.g.,* ECF No. 869 at 1, 3, and 6 ("**Non-Party** Robert Joseph Armijo's Objection to Proposed Bar Order") (emphasis added).]

Whatever advantage Armijo hoped to achieve by affirmatively disavowing his "party" status, that tactical decision precludes this Court's exercise of jurisdiction over his appeal of the district court's approval of the Settlement and entry of the Bar Order. *Marino v. Ortiz*, 484 U.S. 301, 304 (1988) (holding, "only parties to a lawsuit, or those that properly become parties, may appeal an adverse judgment"). Simply stated, Armijo is undeniably not a "party" within the meaning of Fed. R. App.

3

P. 3(c), nor did he become one for appeal purposes by successfully moving for intervention or substitution. Armijo thus lacks standing to appeal, and this Court in turn lacks jurisdiction over the appeal.

Appellee's motion to dismiss is therefore well-taken and should be granted.

## II.    Procedural Background

- **The Receiver's and Investor Plaintiffs' Settlement with the Lawyer Defendants**

On February 11, 2020, the SEC commenced this Receivership Action in the Middle District of Florida against EquiAlt, its managers, and sales agents alleging that they "conducted a Ponzi scheme raising more than $170 million from over 1,100 investors nationwide, many of them elderly through fraudulent unregistered securities offerings." [ECF No. 1][2]  The SEC named as additional defendants a number of EquiAlt investment funds (the "EquiAlt Funds") and related entities, and moved for the appointment of a receiver to administer EquiAlt's assets and

---

[2] As the record below reflects, because the investors are largely elderly and many have placed their IRAs and other retirement assets in the illegally issued EquiAlt debentures, expedited disposition of this motion and the appeal itself is warranted under 28 U.S.C.A. § 1657, which provides that "the court shall expedite the consideration of any…action if good cause therefor is shown." *See also*, FRAP 2 and 11th Cir. R. 34-4(f) ("The court may, on its own motion or for good cause shown on motion of a party, advance an appeal for hearing and prescribe an abbreviated briefing schedule").  **[See ECF No. 157 in *Richard Gleinn and Phyllis Gleinn, et al. v. Paul Wassgren, et al.*, Case No. 8:20-cv-01677-MSS-CPT (M.D. Fla.)]**

liabilities. *Id.* The SEC further alleged that the EquiAlt Funds "have been operated as a Ponzi scheme almost since their inception." *Id*. at ¶ 42.

Meanwhile, the Investor Plaintiffs on July 21, 2020, commenced an action asserting securities claims against the Lawyer Defendants, entitled *Richard Gleinn and Phyllis Gleinn, et al. v. Paul Wassgren*, et al., Case No. 8:20-cv-01677-MSS-CPT (M.D. Fla.) ("the Investor Action"). [ECF No. 875-1 at 2, ¶ 5] Then, on December 30, 2021, the Receiver asserted his independent derivative claims against the Lawyer Defendants, in his own action filed in California Superior Court. *Burton W. Wiand, as Receiver on behalf of EquiAlt Fund, LLC, et al. v. Paul R. Wassgren, et al.*, Case No. 20STCV49670, pending in the Superior Court of California, County of Los Angeles) ("the Receiver Action").  [Id. at 2, ¶ 6]

After significant litigation in both the Receiver Action and the Investor Action, the Receiver, Investor Plaintiffs, and Lawyer Defendants spent months mediating and successfully negotiating a resolution of the Receiver's and the Investor Plaintiffs' claims through the Settlement creating a $44 million settlement fund. [ECF No. 760 at 1-4; ECF No. 875-1 at 5-6 ¶¶ 12-16] However, the Lawyer Defendants were only willing to part with the $44 million if assured that those funds would not be needed to defend third-party claims by the EquiAlt Sales Agents and numerous other potential claimants. [ECF No. 760-9 at 7-8; ECF No. 875-1 at 6, ¶ 15; ECF Nos. 911-1, 911-2, and 911-3; ECF No. 914 at 2-3] Accordingly, the

Lawyer Defendants refused to enter the Settlement unless it was expressly conditioned on the entry of a bar order explicitly protecting them from the commencement or continuation of any actions relating to EquiAlt brought by non-governmental plaintiffs, including all of the former EquiAlt sales agents. [*Id.*] Entry of the proposed Bar Order by the Court was thus an essential required term and express condition of the Settlement, which the Lawyer Defendants have refused to waive. [*Id.*]

- **EquiAlt Sales Agent Armijo**

Armijo is a former EquiAlt sales agent who actively assisted and facilitated the EquiAlt Ponzi scheme by inducing investors to purchase the fraudulently issued, unregistered EquiAlt securities – all while lacking the required license to do so. [ECF No. 865-1 at 3-5; ECF No. 865-2 at 7, 11-15] Armijo was rewarded handsomely for his efforts in furtherance of the fraudulent scheme, receiving more than $1 million in unlawful commissions. [ECF No. 865-1 at 4**]**

The Court in the Receivership action approved a claims process for the orderly assertion of claims against the receivership estate. The Court approved a claims bar date of December 22, 2021 for all claims against the receivership estate and approved a Proof of Claim form. [ECF No. 875-1 at 7-8, ¶ 20] On December 20, 2021 Armijo voluntarily submitted his Proof of Claim to the Court for exclusive resolution in the Receivership Action. [ECF No. 875-1 at 7-9, ¶¶ 20-30, Exhibit 10;

6

ECF No. 914 at 2-3]. In his Proof of Claim, Armijo asserted claims that arise from the same facts, acts, representations and omissions as those asserted in Armijo's lawsuit against the Lawyer Defendants and as those asserted in the Receiver Action and the Investor Action. [Id.]

Armijo subsequently was held partially accountable through summary judgment orders entered against him in both an SEC civil enforcement action and the Receiver's fraudulent conveyance action pending before the District Court. [ECF Nos. 865-1 and 865-2] Specifically, on March 8, 2023, the SEC secured summary judgment on its claim against Armijo for the sale of unregistered securities in violation of two sections of the federal Securities Act, which "make it unlawful to offer or sell a security in interstate commerce if a registration statement has not been filed as to that security, unless the transaction qualifies for an exemption from registration." *SEC v. Robert Joseph Armijo*, No. 3:21-cv-01107 (S.D. Cal.) (the "SEC Enforcement Action"). [ECF No. 865-2 at 11-12; ECF No. 875-1 at 7, ¶ 19, Exhibit 8] (citation omitted)] More recently, the Receiver obtained summary judgment on his claims against Armijo under the Florida Uniform Fraudulent Transfer Act, which was recently reduced to a final judgment in the amount of $1,936,775.16 in commissions received from his sale of more than $10 million in EquiAlt debentures. *See Burton Wiand, et al. v. Family Tree Estate Planning, LLC,*

*et al.*, Case No. 8:21-cv-361-SDM-AAS (M.D. Fla.) (the "Receiver Fraudulent Transfer Action").  [ECF No. 865-1; ECF No. 875-1 at 7, ¶ 18]

- **Armijo's Self-Declared "Non-Party" Status**

On January 19, 2023, Armijo made a "limited appearance in this Action" to oppose the Joint Motion of Receiver and Investor Plaintiffs for preliminary and final approval of the Settlement.  [ECF No. 777 ("***Non-Party*** Robert Joseph Armijo's Opposition to the Joint Motion of the Receiver and Investor Plaintiffs [Doc. No. 760]") (emphasis added).]  Therein, Armijo opposed the joint request of the Receiver and Investor Plaintiffs for an order staying Armijo's California lawsuit against the Lawyer Defendants pending approval of the Settlement. *Id*. The Court thereafter preliminarily approved the Settlement on January 23, 2023. [ECF No. 787]

On March 31, 2023, Armijo reasserted his "non-party" status in this Action when he filed his objection to the Court's entry of the Bar Order.  [ECF No. 869 ("***Non-Party*** Robert Joseph Armijo's Objection to Proposed Bar Order") (emphasis added).]  Armijo objected to no aspect of the Settlement other than the proposed entry of the Bar Order. The district court heard argument on Armijo's objection at the final approval hearing on May 3, 3023. [ECF No. 895]

On May 15, 2023, the district court approved the Settlement, including issuance of the Bar Order. [ECF No. 915 at 13-14]  In denying Armijo's objection to the settlement with the Lawyer Defendants, the district court noted that Armijo's

claims regarding his allegations against the lawyers can still be heard as a part of the Receivership claims process, since Armijo had submitted to the district court a Proof of Claim in which he asserted essentially the same claims against the Receivership as he had asserted against the Lawyer Defendants in California. [ECF No. 875-1 at 7-10, ¶¶ 20-30, Exhibits 1, 2, 4, 10, 12, 13; ECF No. 914 at 2-3]

On June 13, 2023, Armijo filed his Notice of Appeal - this time without mentioning his non-party status. [ECF No. 932 (noticing his appeal simply in the name of "Robert J. Armijo").]

## III.  Legal Argument

### A.    Armijo's Appeal Should be Dismissed for Lack of Appellate Standing

Statutory standing to appeal is not as broad as Article III standing to be heard in district court. As the Supreme Court has squarely held, "***only parties*** to a lawsuit, or those that ***properly become parties***, may appeal an adverse judgment." *Marino*, 484 U.S. at 304 (emphasis added); *accord, Kimberly Regenesis, LLC v. Lee Cnty.*, 64 F.4th 1253, 1260 (11th Cir. 2023) ("Only parties ... can appeal.") (quoting *Ex parte Cutting*, 94 U.S. 14, 22 (1876)).

The Eleventh Circuit has repeatedly recognized and firmly adhered to this bedrock rule of appellate standing.  *See, e.g., In re Zantac (Ranitidine) Prod. Liab. Litig.*, No. 23-10090-J, 2023 WL 2849068, at *1 (11th Cir. Mar. 22, 2023) ("Appellant lacks standing to bring this appeal because there is no evidence on the

record that he is, or has ever been, a party to this action."); *Case v. Ivey*, 21-10191-CC, 2021 WL 3124014, at *1 (11th Cir. June 23, 2021) ("We lack jurisdiction because Mr. Hatcher lacks standing to appeal, as he is not a party to the lawsuit and has not moved to intervene.").

To gain standing to appeal to the Eleventh Circuit, therefore, a ***non-party*** must demonstrate sufficient individual interest by ***successfully*** securing an order granting intervention under Fed. R. Civ. P. 24. *See, e.g., Daniels v. Upton, Georgia Dep't of Corr.*, No. 17-14067-D, 2018 WL 7572811, at *1 (11th Cir. Dec. 11, 2018) ("Because the district court previously denied Mr. Daker's attempt to intervene in this case, he is not a party to this action with standing to appeal from the final judgment."); *Lindsey v. Fayette Cnty. Bd. of Com'rs*, 542 Fed. Appx. 747, 749 (11th Cir. 2013) ("Intervenors were not parties to the lawsuit, and their motion to intervene was denied properly. As a result, they lack standing to challenge the consent decree."); *AAL High Yield Bond Fund v. Deloitte & Touche LLP*, 361 F.3d 1305, 1311 (11th Cir. 2004) ("The Objectors are not a party to this action and therefore cannot appeal it under Fed. R. App. P. 3(c). If they had moved to intervene unsuccessfully, we would have entertained an appeal of the denial of intervention. They have not done so. Therefore, we dismiss their appeal.").

Here Armijo did not even bother to seek to intervene – to the contrary, he very deliberately appeared in the action as a self-styled "non-party." Indeed, by virtue of

his opposition to the stay motion at the preliminary approval stage and his subsequent objection, Armijo (who has been represented by multiple counsel) had ample opportunities to seek formal intervention, but deliberately chose not to do so. Whatever the strategic underpinnings to Armijo's decision to declare and maintain his "non-party" status, that decision now precludes this Court's appellate jurisdiction.

*Marino* is controlling precedent. There, a group of white police officers ("the petitioners") filed an objection to a proposed settlement of alleged employment discrimination claims asserted by black and Hispanic police officers against the City of New York. 484 U.S. at 302-03. The settlement provided that black and Hispanic candidates who had failed to make the eligible list would be promoted until the racial/ethnic composition of the new sergeants was approximately the same as the racial/ethnic composition of the group of candidates taking the test. *Id.* The petitioners were adversely affected by the court's approval order because they were not placed on the eligible list even though they had scored at least as high on the examination as the lowest scoring minority officer promoted under the interim order. *Id.* Despite presenting their objections to the district court at the hearing, the petitioners chose not to move to intervene in the action. *Id.*

On appeal of the district court's overruling of the petitioners' objections and approval of the settlement, the Supreme Court squarely held that "because

petitioners were not parties to the underlying lawsuit, and because they failed to intervene for purposes of appeal, they may not appeal from the consent decree approving that lawsuit's settlement…." *Marino*, 484 U.S. at 304 (*citing United States ex rel. Louisiana v. Jack*, 244 U.S. 397, 402 (1917); Fed. Rule App. Proc. 3(c) ("The notice of appeal shall specify the ***party or parties*** taking the appeal") (emphasis added).

In *Marino* the Supreme Court furthermore rejected the notion that simply filing and being heard on an objection was sufficient to confer "party" status for purposes of appellate standing:

> The [Second Circuit] Court of Appeals suggested that there may be exceptions to this general rule, primarily "when the nonparty has an interest that is affected by the trial court's judgment." We think the better practice is for such a nonparty to seek intervention for purposes of appeal; denials of such motions are, of course, appealable.

*Id.* at 304 (citation omitted).

Subsequent Eleventh Circuit authority strictly follows *Marino*, requiring party status to appeal ***even when the trial court heard the non-party's objections in the matter before it***. See, *Wolff v. Cash 4 Titles*, 351 F.3d 1348, 1354 (11th Cir. 2003) (writing, "objections alone do not indicate party status" for purposes of appellate jurisdiction); *In re Southeast Banking Corp., Sec. Litig.*, 51 F.3d 1003, 1004 (11th Cir. 1995), *cert. den.*, 516 U.S. 1044 (1996) (non-party who objected but failed to intervene lacked standing to appeal the district court's overruling of his objection).

As the Eleventh Circuit stated in *Wolff*, "Though similar and overlapping, the doctrines of appellate standing and trial standing are not identical." 351 F.3d at 1353.[3]

**B.    No Recognized Exception to *Marino* Applies Here.**

The Eleventh Circuit has recently noted "an exception where a nonparty— who has not, for example, intervened—may still be considered a party who can appeal." *Kimberly Regenisis*, 64 F.4th at 1261 (citing *Devlin v. Scardelletti*, 536 U.S. 1, 14 (2002) (holding that "nonnamed class members ... who have objected in a timely manner" before the district court "have the power to bring an appeal without first intervening")).

In *Devlin*, the Supreme Court relaxed the rule requiring intervention in the case of a class member who has objected to some aspect of a proposed class settlement, because in that context the members of the class have in effect become parties by choosing not to exercise their right to opt out of the certified class.  536 U.S. at 14; *see, e.g., Carter v. Forjas Taurus, S.A.*, 701 F. App'x 759, 764 (11th Cir. 2017). But one must at least be a member of the settlement class to have standing

---

[3] As the Supreme Court has "made clear," "'the question of standing is not subject to waiver.'" *Bischoff v. Osceola Cty.*, 222 F.3d 874, 877-78 (11th Cir. 2000) (quoting *United States v. Hays*, 515 U.S. 737, 742 (1995)). Therefore, non-party Armijo cannot argue that by allowing Armijo to file an objection or by responding to Armijo's objection in the district court, the Receiver and Investor Plaintiffs somehow conferred appellate standing on non-party Armijo.

under *Devlin* to appeal the approval order. *See, e.g., Bush v. Walter Energy, Inc.*, Case No. 16-12249 (11th Cir. Sept. 1, 2016) (dismissing appeal taken by non-class member for lack of jurisdiction); *Reynolds v. Butts*, 312 F.3d 1247 (11th Cir. 2002) (same). Here, there is no certified class, let alone one in which Armijo is a member.

Finally, the Eleventh Circuit also noted in *Kimberly Regenesis* that some sister Circuits have further recognized a different exception to the rule requiring party status to appeal, "'where the non-parties actually participated in the proceedings below, the equities weigh in favor of hearing the appeal, and the non-parties have a personal stake in the outcome.'" (citation omitted) 64 F.4th at 1261. Because the appellant in *Kimberly Regenesis* did not in fact participate in the proceeding, there was no need for the Eleventh Circuit there to reach or otherwise address the contours of that exception, let alone assess its validity under *Marino* and the foregoing Eleventh Circuit precedent consistently and unequivocally requiring successful intervention as a non-waivable prerequisite to appellate standing. *Id.* at 1262 ("While we need not decide here the precise contours of when it is that someone not named a party to a suit (who hasn't become a party) may appeal, we agree with our sister circuits that the nonparty must have at least participated in the district court.").

The Court need not do so here, either. Armijo did not participate in any manner whatsoever in either the Receiver Action or the Investor Action against the Lawyer Defendants, the cases resolved through the Settlement. And merely filing

14

an objection or proof of claim in the Receivership Action clearly does not constitute the sort of active participation necessary to confer appellate standing. *Marino*, 484 U.S. at 303-304; *Wolff*, 351 F.3d at 1354; *In re Southeast Banking Corp., Sec. Litig.*, 51 F.3d at 1004; *Case*, 2021 WL 3124014, at *1. Armijo's objection allowed his grievances to be evaluated by the district court, which duly considered his arguments as part of its duty to review the fairness and adequacy of the proposed Settlement before it, applied well-established Eleventh Circuit precedent, and overruled his objection.  But Armijo's objection did not itself serve as a pass relieving him from the required procedural mechanism to secure appellate standing, namely a properly supported and successful motion to intervene. *See, e.g., Case*, 2021 WL 3124014, at * 1 ("We lack jurisdiction because Mr. Hatcher lacks standing to appeal, as he is not a party to the lawsuit and has not moved to intervene.").

In addition, the equities do not weigh in favor of Armijo's appeal, which is a separate basis for this Court to find Armijo lacks appellate standing.  See *United States v. Parks*, 789 Fed. Appx. 579, 580-81 (9th Cir. 2020); *SEC v. Holt*, 2009 WL 766535 at *1 (9th Cir. 2009); *In re. S.S. Retail Stores Corp.*, 216 F.3d 882, 885 (9th Cir. 2000).  Armijo was an EquiAlt sales agent who actively assisted and facilitated the EquiAlt Ponzi scheme by selling unregistered securities without any license to do so.

Moreover, Armijo's purported claims against the Lawyer Defendants arise from the same facts, acts, representations, and omissions as the claims asserted in the Proof of Claim Armijo voluntarily submitted to the Court for exclusive resolution in the Receivership Action [ECF No. 875-1 at 7-10, ¶¶ 20-30; ECF No. 914 at 2-3]. Therefore, Armijo's claims against the Lawyer Defendants – which will be addressed by the Court through the Receivership claims process - are not genuinely independent claims. If the Court enters an order rejecting Armijo's claims asserted in his Proof of Claim, Armijo will have the right to appeal that order. [ECF No. 914 at 2-3] However, in the meantime, Armijo does not have standing to prosecute this appeal and thereby delay the funding of the settlement for the benefit of the aggrieved Ponzi scheme victims.

## IV.    Conclusion

For each and all the foregoing reasons, Armijo's deliberate choice to remain a non-party is fatal to appellate jurisdiction to review the district court's disposition of his objection. Armijo's appeal should therefore be summarily dismissed for lack of jurisdiction.

Dated: July 20, 2023                    Respectfully submitted,


/s/ *Katherine C. Donlon*
Katherine C. Donlon, FBN 0066941
kdonlon@jnd-law.com
**Johnson, Newlon & Decort P.A.**
3242 Henderson Blvd., Ste 210

Tampa, FL 33609
Telephone: (813) 291-3300
***Attorneys for Receiver Burton W. Wiand***


/s/ *Scott C. Ilgenfritz*
Guy M. Burns, FBN 160901
guyb@jpfirm.com
Scott Ilgenfritz, FBN 394084
scotti@jpfirm.com
**Johnson Pope Bokor Ruppel & Burns, LLP**
401 East Jackson Street, Ste. 3100
Tampa, FL 33602
***Special Counsel for Receiver***


## CERTIFICATE OF COMPLIANCE

I hereby certify, on July 20, 2023, that:

1.    This motion complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 3882 words.

2.    This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Office Word in fourteen-point Times New Roman MT font.


/s/ *Scott C. Ilgenfritz*
Scott C. Ilgenfritz

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 20, 2023, a true and correct copy of the foregoing was electronically filed with the Clerk using the CM/ECF filing system and served upon on all counsel of record via transmission of Notices of Electronic Filing generated by the CM/ECF filing system.

Respectfully submitted,

By: */s/ Scott C. Ilgenfritz*
Scott C. Ilgenfritz

Armijo v. Wiand, et al.
No. 23-11979

# COMPOSITE EXHIBIT A

## to **Motion to Dismiss Appeal of Non-Party Robert J. Armijo for Lack of Standing**

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

      Plaintiff,

v.                                      **Case No: 8:20-cv-325-MSS-MRM**

BRIAN DAVISON, BARRY M.
RYBICKI, EQUIALT LLC,
EQUIALT FUND, LLC, EQUIALT
FUND II, LLC, EQUIALT FUND III,
LLC, EA SIP, LLC,

      Defendants,

128 E. DAVIS BLVD, LLC, 310 78TH
AVE, LLC, 551 3D AVE S, LLC, 604
WEST AZEELE, LLC, BLUE
WATERS TI, LLC, 2101 W.
CYPRESS, LLC, 2112 W. KENNEDY
BLVD, LLC, BNAZ, LLC, BR
SUPPORT SERVICES, LLC, CAPRI
HAVEN, LLC, EANY, LLC,
BUNGALOWS TI, LLC, EQUIALT
519 3RD AVE S., LLC, MCDONALD
REVOCABLE LIVING TRUST, 5123
E. BROADWAY AVE, LLC, SILVER
SANDS TI, LLC, TB OLDEST
HOUSE EST. 1842, LLC,

      Relief Defendants.

---

## FINAL ORDER (I) APPROVING SETTLEMENT AMONG RECEIVER, INVESTOR PLAINTIFFS, AND PAUL WASSGREN, DLA PIPER LLP (US) AND FOX ROTHSCHILD LLP; AND (II) BARRING, RESTRAINING, AND ENJOINING CLAIMS AGAINST <u>THE ATTORNEY RELEASED PARTIES</u>

1

**THIS CAUSE** came before the Court for consideration of the Joint Motion of Receiver and Investor Plaintiffs' for (i) Preliminary and Final Approval of Proposed Settlements; (ii) Approval of Form, Content, and Manner of Notice of Settlements and Bar Orders; (iii) Entry of Bar Orders (the "**Motion**"), (Dkt. 760), filed by Burton W. Wiand as Court-appointed receiver (the **"Receiver")** of the entities set forth on <u>Exhibit A</u> to this Order (the "**Receivership Entities**") in the above-captioned civil enforcement action (the "**SEC Action**") and the investor Plaintiffs (the "**Investor Plaintiffs**") in <u>Richard Gleinn and Phyllis Gleinn, et al. v. Paul Wassgren, et al.</u>, Case No. 8:20-cv-01677-MSS-CPT (the "**Investor Action**"). Pursuant to this Court's Order (I) Preliminarily Approving Settlement Among Receiver, Investor Plaintiffs, and Paul Wassgren, DLA Piper LLP (US) and Fox Rothschild LLP; (II) Approving the Form and Content of Notice (the "**Notice**"), and Manner and Method of Service and Publication; (III) Setting the Deadline to Object to Approval of Settlement and Entry of Bar Order; and (IV) Scheduling a Hearing (Dkt. 787) (the "**Preliminary Approval Order**"), the Court held a hearing on May 3, 2023 to consider the Motion and hear objections thereto.

By way of the Motion, the Receiver and the Investor Plaintiffs request final approval of a proposed settlement among: (1) the Investor Plaintiffs; (2) the Receiver, who filed the complaint in the litigation in the Superior Court of California, County of Los Angeles – Central District captioned *Burton W. Wiand, not individually, but solely in his capacity as* **Receiver v. Paul Wassgren, et al.**, Case No. 20STCV49670 (the

"**Receiver Action**"); (3) Paul Wassgren, (4) DLA Piper LLP (US), and (5) Fox Rothschild LLP. The settlement is memorialized in the settlement agreement attached to the Motion as Exhibit I (the "**Settlement Agreement**").[1]

The Receiver and the Investor Plaintiffs also request entry of a bar order (the "**Bar Order**") permanently barring, restraining and enjoining any person or entity—other than any federal or state governmental bodies or agencies—from pursuing claims against any of the Attorney Released Parties (as defined herein) relating to the events and occurrences underlying the claims in the SEC Action, the Receiver Action and/or the Investor Action, any of the Receivership Entities or the Receivership Estate, or which arise directly or indirectly in any manner whatsoever from the Attorney Released Parties' activities, omissions, services or counsel, or alleged activities, omissions, services or counsel, in connection with the Receivership Entities, the Receivership Estate, EquiAlt, the EquiAlt Securities, or persons and entities who offered for sale or sold any EquiAlt Securities, including but not limited to all Sales Agents and Non-Releasing Sales Agents (hereinafter the "**Attorneys' Activities**"), to the broadest extent permitted by law.

The Court's Preliminary Approval Order preliminarily approved the Settlement Agreement, approved the form and content of the Notice, and set forth procedures for

---

[1] As used in this Order, the "**Settling Parties**" means the Receiver, the Investor Plaintiffs, Paul Wassgren, DLA Piper LLP (US) and Fox Rothschild LLP. Defined and/or initial capitalized terms used but not defined in this Order have the meaning ascribed to them in the Settlement Agreement. To the extent there is any discrepancy between a defined term in the Settlement Agreement and the same defined term herein, the definition in the Settlement Agreement will control.

the manner and method of service and publication of the Notice to all affected parties, including all investors who invested in securities issued by EquiAlt or its wholly owned funds or entities (collectively, the "**Investors**") and stayed the further prosecution of litigation by the parties to the action currently captioned as <u>Robert J. Armijo v. Paul R. Wassgren, et. al.</u>, Case No. 2:22-cv-08851 AB(PVCx)-JFW (MRWx), in the U.S. District Court for the Central District of California, Western Division. The Preliminary Approval Order and related documents were served by mail on all identifiable interested parties and publicized to provide the best practicable notice to any unidentified persons and to any persons for whom current mailing addresses are not available.

The Preliminary Approval Order set a deadline for affected parties to object to the Settlement Agreement and/or (ii) the Bar Order. The Preliminary Approval Order scheduled the hearing for consideration of such objections, as well as the Settling Parties' arguments and evidence in support of the Settlement Agreement and/or the Bar Order. That deadline has passed, and Mr. Robert Armijo is the only person who has objected. (Dkt. 869)

The Receiver filed a declaration with the Court in which he detailed his compliance with the notice and publication requirements contained in the Preliminary Approval Order (the "**Declaration**"). (Dkts. 803 and 877) (the "**Notice of Compliance**")

This Court is fully advised of the issues in the various actions, as it has

4

previously received evidence and heard argument concerning the events, circumstances, and transactions in the SEC Action, which resulted in the appointment of the Receiver and the issuance of the Preliminary Injunction (Dkt. 238), the Permanent Injunction (Dkt. 260), and the Asset Freeze Order (Dkt. 11). In addition, the Court has read and considered the Motion, the Settlement Agreement, other relevant filings of record, and the arguments and evidence presented at the hearing; therefore, the Court **FINDS AND DETERMINES** as follows:

A.      The Court has jurisdiction over the subject matter, including, without limitation, jurisdiction to consider the Motion, the Settlement Agreement, and the Bar Order, and authority to grant the Motion, approve the Settlement Agreement, enter the Bar Order, and award attorneys' fees. See 28 U.S.C. § 1651; SEC v. Kaleta, 530 F. App'x 360, 362 (5th Cir. 2013) (affirming approval of settlement and entry of bar order in equity receivership commenced in a civil enforcement action). See also Matter of Munford, Inc., 97 F.3d 449, 454-55 (11th Cir. 1996) (approving settlement and bar order in a bankruptcy case); In re U.S. Oil and Gas Lit., 967 F.2d 489, 496-97 (11th Cir. 1992) (approving settlement and bar order in a class action).

B.      The service or publication of the Notice as described in the Receiver's Declaration is consistent with the Preliminary Approval Order, constitutes good and sufficient notice, and was reasonably calculated under the circumstances to notify all affected persons of the Motion, the Settlement Agreement and the Bar Order, and of their opportunity to object thereto, of the deadline for objections, and of their

opportunity to appear and be heard at the hearing concerning these matters. Accordingly, all affected parties were furnished a full and fair opportunity to object to the Motion, the Settlement Agreement, the Bar Order and all matters related thereto and to be heard at the hearing; therefore, the service and publication of the Notice complied with all requirements of applicable law, including, without limitation, the Federal Rules of Civil Procedure, the Court's local rules, and the due process requirements of the United States Constitution.

C.     The Court has allowed any Investors, objectors, and parties to the SEC Action to be heard if they desired to participate.

D.     The Settling Parties negotiated over a period of many months; their negotiations included the exchange and review of documents, multiple depositions, numerous telephone conferences, frequent written communications, and mediation at which counsel for all Settling Parties were present or available by telephone or Zoom.

E.     The Settlement Agreement was entered into in good faith, is at arm's length, and is not collusive.

> i.     The claims the Investor Plaintiffs brought against Paul Wassgren, DLA Piper LLP (US) and Fox Rothschild LLP involve disputed facts and issues of law that would require substantial time and expense to litigate, with significant uncertainty as to the outcome of such litigation, the measurement of damages, the allocation of benefits to each plaintiff, and any ensuing trial or appeal. Such litigation is costly and burdensome, involves complex transactions, multiple witnesses in multiple fora, and substantial legal

issues and related arguments. Paul Wassgren, DLA Piper LLP (US) and Fox Rothschild LLP deny that they are liable in any way to the Investor Plaintiffs.

ii.   The claims the Receiver brought against Paul R. Wassgren, DLA Piper LLP (US) and Fox Rothschild LLP likewise involve disputed facts and issues of law that would require substantial time and expense to litigate, with significant uncertainty as to the outcome of such litigation, the measurement of damages, and any ensuing trial or appeal. Such litigation is costly and burdensome, involves complex transactions, multiple witnesses in multiple fora, and substantial legal issues and related arguments. Paul R. Wassgren, DLA Piper LLP (US) and Fox Rothschild LLP deny that they are liable in any way to the Receiver.

F.   The Settlement Agreement provides for DLA Piper LLP (US) and Fox Rothschild LLP to each pay or cause to be paid Twenty-Two Million Dollars ($22,000,000.00), for a total, collective payment of Forty-Four Million Dollars ($44,000,000.00) (the "**Settlement Amount**") to settle the Investor Action and the Receiver Action. The Settlement Amount will be distributed to the Receiver for the benefit of EquiAlt Investors to resolve and satisfy contested claims of liability against DLA Piper LLP (US), Fox Rothschild LLP, and Paul Wassgren. None of the Settlement Amount represents dividends on stock, interest on debt, or payments in compensation for late or delayed transfers.

G.   The payment of attorneys' fees to counsel for the Investor Plaintiffs relieves the Investor Plaintiffs from the obligation to pay attorneys' fees and costs out of their own recoveries with respect to their claims against Paul Wassgren, DLA Piper LLP (US) and Fox Rothschild LLP.

H.    The Receiver will act as disbursing agent for the Settlement Amount. Subject to the approval and control of the Court, the Receiver will distribute the Settlement Amount, less any attorneys' fees and costs approved by the Court for counsel for the Investor Plaintiffs and Special Counsel for the Receiver, at such times and in such amounts as the Receiver determines to be in the best interests of the Receivership Estate.

I.    The Court finds that the Settlement Amount to be paid by the Respondent Settling Parties is fair and reasonable.

J.    Based upon the foregoing findings, the Court further finds and determines that entry into the Settlement Agreement is a prudent exercise of business judgment by the Receiver, the Investor Plaintiffs and Paul Wassgren, DLA Piper LLP (US) and Fox Rothschild LLP, that the proposed settlement as set forth in the Settlement Agreement is fair, adequate and reasonable, that the interests of all affected persons were fairly and reasonably considered and addressed, and that the Settlement Amount provides a recovery to the Receiver and to the Investors for the benefit of the Receivership Entities and the Investors that is well within the range of reasonableness. See Sterling v. Stewart, 158 F.3d 1199 (11th Cir. 1996) (settlement in a receivership may be approved where it is fair, adequate and reasonable, and is not the product of collusion between the settling parties).

K.    Paul Wassgren, DLA Piper LLP (US) and Fox Rothschild LLP have expressly conditioned their willingness to enter into the Settlement Agreement, and

pay, or cause to be paid, the Settlement Amount, on a full and final resolution with respect to any and all claims instituted now or hereafter by any and all of the Barred Persons (as defined below) against any and all of the Attorney Released Parties (as defined below) that relate in any manner whatsoever to the events and occurrences underlying the claims in the Investor Action, the Receiver Action, the EquiAlt Actions, the Armijo Action, the Receivership Entities, the Receivership Estate, or the Attorneys' Activities (the "**Barred Claims**," as more fully defined below). As established by the Settlement Agreement and the declarations of DLA Piper LLP (US), Fox Rothschild LLP, and Paul Wassgren, a necessary and essential condition to their ultimate acceptance of the terms and conditions of the Settlement Agreement is the issuance of the Bar Order and that the Bar Order becomes Final.[2]   Pursuant to the terms of the Settlement Agreement, entry of the Bar Order and the Bar Order becoming Final are necessary conditions precedent to the payment of the Settlement Amount.

L.      To be clear, DLA Piper LLP (US) and Fox Rothschild LLP are only willing to pay the Settlement Amount, and Paul Wassgren is only willing to consent to settle, in exchange for entry of the Bar Order and finality as to the Barred Claims.

---

[2] As used in this Order, any court order being "**Final**" means a court approving and issuing an order unmodified in any material respect after the conclusion or expiration of any right or time period of any person or party to seek any objection, appeal, rehearing, reversal, reconsideration or modification, in whole or in part, of the order. For avoidance of doubt, an order, including this Order, is not considered Final prior to the conclusion or expiration of any right or time period of any person or party to seek any objection, appeal, rehearing, reversal, reconsideration or modification, in whole or in part, of the order. Without in any way limiting the foregoing, an order, including this Order, is not considered Final as used herein during the pendency of any appeal or rehearing of the order, or during the time that an appeal, rehearing, reversal, reconsideration, or modification of the order remains possible.

The Court finds that the Settling Parties have agreed to the settlement in good faith and that DLA Piper LLP (US) and Fox Rothschild LLP are paying a fair share of the potential damages for which they, and Paul Wassgren, are alleged to be liable, though Paul Wassgren, DLA Piper LLP (US) and Fox Rothschild LLP deny any wrongdoing or liability, and no court has determined there to be any wrongdoing or liability.

M.      As alleged by the Investor Plaintiffs, the Investors made investments in debt or equity securities offerings created by EquiAlt and issued by EquiAlt's wholly owned funds and entities.

N.      The Investor Action and the Receiver Action arise from Paul Wassgren's, DLA Piper LLP (US)'s, and Fox Rothschild LLP's alleged conduct with respect to the funds invested in the EquiAlt Securities by the Investor Plaintiffs and their respective advice and counsel to EquiAlt related to the issuance of the EquiAlt Securities.

O.      **Notice to Affected Parties**

The Receiver has given the best practical notice of the proposed Settlement Agreement and Bar Order to all known interested persons:

> i.      all counsel who have appeared of record in the SEC Action and all parties who have appeared in the SEC Action who are not represented by counsel;
>
> ii.     all counsel who are known by the Receiver to have appeared of record in: (1) the EquiAlt Actions or (2) any legal proceeding or arbitration commenced by or on behalf of any of the Receivership Entities, or any individual investor or putative class of investors seeking relief against any person or entity relating in

any manner to the Receivership Entities or the subject matter of the SEC Action or the EquiAlt Actions;

iii.    all known investors in each and every one of the Receivership Entities identified in the investor lists in the possession of the Receiver at the addresses set forth therein;

iv.    all known non-investor creditors of each and every one of the Receivership Entities that submitted a claim form;

v.    all creditors of any Receivership Entity to whom the Receiver has previously sent a claim form;

vi.    all owners, officers, directors, and senior management employees of the Receivership Entities;

vii.    all other persons or entities that previously received notice of the Receiver's settlements for which bar orders were requested and issued; and

viii.    all Sales Agents and Non-Releasing Sales Agents.

P.    The Receiver has maintained a list of those given notice. Access to that list will be permitted as necessary if a Barred Person as defined below denies receiving notice and asserts that this Order is therefore inapplicable to that Barred Person.

Q.    In addition, the Receiver has published the Summary Notice approved by the Preliminary Approval Order once in USA Today, the Tampa Bay Times, the Arizona Republic, the San Francisco Chronicle and the Los Angeles Times. The Receiver has also maintained the Notice on the website maintained by the Receiver in connection with the SEC Action (www.equialtreceivership.com).

R.    Through these notices and publications, anyone with an interest in the Receivership Entities would have become aware of the Settlement Agreement and

Bar Order or has been provided sufficient information to put them on notice how to obtain more information and/or object, if they wished to do so.

S.      The Bar Order and the releases in the Settlement Agreement are tailored to matters relating to the Barred Claims and are appropriate to maximize the value of the Receivership Entities for the benefit of the Investors and other stakeholders and creditors. The Receiver has established a claims process through which Investors and other interested parties may seek disbursement of funds, including the Settlement Amount to the extent such amounts have not been used to administer the Receivership Estate or for the benefit of the Receivership Estate. The interests of the Investors, the Receivership Entities, and, thereby, the interests of other stakeholders and creditors were well- represented by the Receiver, acting in the best interests of the Receivership Entities in his fiduciary capacity and upon the advice and guidance of his experienced counsel, and by counsel for the Investor Plaintiffs, acting in the best interest of the Investors based on their experienced counsel. Accordingly, the Settlement Agreement is fair, adequate and reasonable, and in the best interests of all creditors of, Investors in, or other persons or entities claiming an interest in, having authority over, or asserting claims against the Receivership Entities, and of all persons who could have claims against the Attorney Released Parties relating to the Barred Claims. The Bar Order is a necessary and appropriate order granting ancillary relief in the SEC Action., there is no just reason for delay of the finality of this Order.

T.      The objection of Robert J. Armijo ("Armijo"), (Dkt. 869), is overruled

in its entirety, as further explained in this Court's Order. (Dkt. 914)

U.    Approval of the Settlement Agreement and the Bar Order and adjudication of the Motion are discrete from other matters in the SEC Action, and, as set forth above, the Settling Parties have shown good reason for the approval of the Settlement Agreement and Bar Order to proceed expeditiously. Therefore, there is no just reason for delay of the finality of this Order.

Based on the foregoing findings and conclusions, the Court **ORDERS, ADJUDGES, AND DECREES** as follows:

1.    The Motion, (760), is **GRANTED** in its entirety. Any objections to the Motion or the entry of this Order are overruled to the extent not otherwise withdrawn or resolved. Any other objections to the Motion or the entry of this Order, including, but not limited to, those not filed as of the date of this Court's execution of this Order, are deemed waived and overruled.

2.    The Settlement Agreement is **APPROVED** and is final and binding upon the Settling Parties and their successors and assigns as provided in the Settlement Agreement. The Settling Parties are authorized to perform their obligations under the Settlement Agreement.

3.    The Receiver will disburse the Settlement Amount in accordance with the terms and conditions of the Settlement Agreement and a plan of distribution to be approved by this Court. Without limitation of the foregoing, upon payment of the Settlement Amount as set forth in the Settlement Agreement, the releases set forth in

Section II.D of the Settlement Agreement are **APPROVED** and are final and binding on the Parties and their successors and assigns as provided in the Settlement Agreement.

4.      The Bar Order as set forth in Paragraph 5 of this Order is **APPROVED** as a necessary and appropriate component of the settlement. See Kaleta, 530 F. App'x at 362 (entering bar order and injunction in an SEC receivership proceeding where necessary and appropriate as "ancillary relief" to that proceeding); Munford, 97 F.3d at 454-55.

5.      **BAR ORDER AND INJUNCTION: THE COURT HEREBY PERMANENTLY BARS, RESTRAINS, AND ENJOINS ANY BARRED PERSONS FROM ENGAGING IN ANY BARRED CONDUCT AGAINST THE ATTORNEY RELEASED PARTIES WITH RESPECT TO THE BARRED CLAIMS**, as those terms are defined hereunder:

    a.  "**Barred Persons**" means: any person or entity, other than the Arizona Corporation Commission, Securities and Exchange Commission or any other regulatory authority. Barred Persons includes, without limitation: (i) the EquiAlt Defendants; (ii) owners, officers, directors, members, managers, partners, agents, representatives, employees, and independent contractors of the EquiAlt Defendants; (iii) investors who purchased any EquiAlt Securities; (iv) persons and entities who offered for sale or sold any

EquiAlt Securities, including but not limited to all Sales Agents and Non-Releasing Sales Agents; (v) persons or entities who found prospective investors for or referred prospective investors to EquiAlt Securities, the EquiAlt Defendants, or BR Services; (vi) the Receiver; and (vii) any person or entity claiming by, through, or on behalf of the foregoing persons or entities, whether individually, directly, indirectly, through a third party, derivatively, on behalf of a class, as a member of a class, or in any other capacity whatsoever;

b.   "**Barred Conduct**" means: instituting, reinstituting, intervening in, initiating, commencing, maintaining, continuing, filing, encouraging, soliciting, supporting, participating in, collaborating in, assisting, otherwise prosecuting, or otherwise pursuing or litigating in any case, forum, or manner, whether pre-judgment or post-judgment, or enforcing, levying, employing legal process, attaching, garnishing, sequestering, bringing proceedings supplementary to execution, collecting, or otherwise recovering, by any means or in any manner, based upon any liability or responsibility, or asserted or potential liability or responsibility, directly or indirectly, or through a third party, relating in any way to the Barred Claims;

c.   "**Barred Claims**" means: any and all claims, actions, lawsuits, causes of action, investigations, demands, complaints, cross claims, counter claims, or third party claims or proceedings of any nature, including, but not limited to, litigation, arbitration, or other proceedings, in any federal or state court, or in any other court, arbitration forum, administrative agency, or other forum in the United States, Canada, or elsewhere, whether arising under local, state, federal, or foreign law, that in any way relate to, are based upon, arise from, or are connected with: (i) claims released in the Settlement Agreement; (ii) the events or occurrences underlying the claims or allegations in the SEC Action, or claims or allegations that could have been brought in the SEC Action; (iii) the events or occurrences underlying the claims or allegations in the Receiver Action, or claims or allegations that could have been brought in the Receiver Action; (iv) the events or occurrences underlying the claims or allegations in the Receiver Sales Agent Action, or claims or allegations that could have been brought in the Receiver Sales Agent Action; (v) the events or occurrences underlying the claims or allegations in the Investor Action, or claims or allegations that could have been brought in the Investor Action; or (vi) the Attorneys' Activities. The foregoing specifically includes any claim, however denominated, seeking contribution,

16

indemnity, damages, or other remedy where the alleged injury to any person, entity, or other party, or the claim asserted by any person, entity, or other party, is based upon any of the Barred Claims whether pursuant to a demand, judgment, claim, agreement, settlement, or otherwise;

d.  "**Attorney Released Parties**" means: DLA, Fox, and Paul Wassgren, each of which is an "**Attorney Released Party**";

e.  "**BR Services**" means: BR Support Services LLC and its predecessors, successors, parents, subsidiaries, agents, creditors, affiliates, assigns, officers, partners, counsel, and employees, including Barry Rybicki;

f.  "**Court**" means: the United States District Court for the Middle District of Florida;

g.  "**DLA**" means: DLA Piper LLP (US) and any of its affiliates, parents, subsidiaries, assigns, divisions, segments, predecessors, successors, and current and former attorneys, paralegals, staff members, officers, directors, employees, representatives, partners, counsel, associates, insurers, or agents;

h.  "**EquiAlt Defendants**" means: all persons and entities who have been named as defendants, corporate defendants, or relief defendants in the SEC Action, all entities placed in receivership in

17

the SEC Action, and all entities over which the Receiver has authority as a result of the SEC Action, including, without limitation, Brian Davison, Barry Rybicki, EquiAlt, LLC, EquiAlt Fund, LLC, EquiAlt Fund II, LLC, EquiAlt Fund III, LLC, EA SIP, LLC, EquiAlt Secured Income Portfolio REIT, Inc., EquiAlt Qualified Opportunity Zone Fund, L.P., EquiAlt Fund I, LLC, and their predecessors, successors, parents, subsidiaries, agents, creditors, affiliates, assigns, officers, partners, counsel, and employees;

i.   "**EquiAlt Securities**" means: all securities issued by any of the Receivership Entities and their parents, subsidiaries, affiliates, predecessors, successors, and assigns;

j.   "**Fox**" means: Fox Rothschild LLP and any of its affiliates, parents, subsidiaries, assigns, divisions, segments, predecessors, successors, and current and former attorneys, paralegals, staff members, officers, directors, employees, representatives, partners, counsel, associates, insurers, or agents;

k.   "**Investors**" means: all persons or entities who purchased or otherwise invested (directly or indirectly) in EquiAlt Securities, each of whom is an "**Investor**"; and

l.   "**Receiver Sales Agent Action**" means: <u>EquiAlt Fund, LLC, et al.</u>

18

v. Family Tree Estate Planning, LLC, et al., Case No. 8:21-cv-00361-SDM-AAS, pending in the United States District Court for the Middle District of Florida.

m.  This Bar Order does *not* apply to: (i) the United States of America, its agencies or departments, or to any state or local government; and (ii) the Settling Parties' respective obligations under the Settlement Agreement.

n.  Nothing in this Bar Order is or will be construed to be an admission or concession of any violation of any statute or law, of any fault, liability, or wrongdoing, or of any infirmity in the claims or defenses of the Settling Parties with regard to any case or proceeding, including the Investor Action or the Receiver Action.

o.  No Attorney Released Party will have any duty or liability with respect to the administration of, management of, or other performance by the Receiver of his duties relating to the EquiAlt Defendants, including, without limitation, the process to be established for filing, adjudicating and paying claims against the EquiAlt Defendants or the allocation, disbursement or other use of the amount paid in settlement under the Settlement Agreement.

p.  This Bar Order will not be impaired, modified, or otherwise affected in any manner other than by direct appeal of this Bar

Order, or motion for reconsideration or rehearing thereof, made in accordance with the Federal Rules of Civil Procedure.

q.   Pursuant to FED. R. CIV. P. 54(b), and the Court's authority in this equity receivership to issue ancillary relief, this Bar Order is a final order for all purposes, including, without limitation, for purposes of the time to appeal or to seek rehearing or reconsideration.

r.   Any party, attorney, or other person who acts in a manner contradictory to this Bar Order may be subject to such remedies for contempt as the Court may deem appropriate.

6.   All Barred Claims against the Attorney Released Parties, including those in the Investor Action, are stayed until the expiration of time to object, appeal, or seek rehearing, reversal, reconsideration, or modification of this Bar Order, and during the period of time that any objection, appeal, rehearing, reversal, reconsideration, or modification is under consideration.

7.   The Investor Plaintiffs and the Receiver are directed and authorized to dismiss their claims against Paul Wassgren, DLA Piper LLP (US) and Fox Rothschild LLP with prejudice, when this Order is Final within the meaning of the Settlement Agreement, in accordance with the terms of the Settlement Agreement with no party admitting to wrongdoing or liability and all parties responsible for their attorneys' fees and costs.

8.   This Order will be served by counsel for the Receiver via email, first

20

class mail or international delivery service, on any person or entity afforded notice (other than publication notice) pursuant to the Preliminary Approval Order.

9.      Without impairing or affecting the finality of this Order, the Court retains continuing and exclusive jurisdiction to construe, interpret and enforce this Order, including, without limitation, the Bar Order and releases herein or in the Settlement Agreement. This retention of jurisdiction is not a bar to any person, including the Settling Parties, from raising this Order to obtain its benefits in establishing reductions to damage awards or seeking to dismiss a claim.

10.     Nothing in this Order will operate in any way to release, waive or limit the rights of any Settling Party to sue for any alleged breach of the Settlement Agreement.

11.     Nothing in this Order bars the Settling Parties from pursuing claims and causes of action they may have against any person or entity not specifically released by them in the Settlement Agreement.

12.     In any action against a non-settling person or entity commenced by or on behalf of the Receiver, the Receivership Entities, or the Investors, the non-settling person or entity shall be entitled to assert as a defense that, but for this Order, it would have  been entitled to indemnification or contribution from the Attorney Released Parties for any judgment entered in the action. Such defense will be pled and adjudicated like any other defense in the action. If it is determined in the action that the non-settling person or entity would, in fact, have been entitled to indemnification

or contribution from the Attorney Released Parties, then any judgment entered against the non-settling person or entity in the action will be reduced, dollar-for-dollar, by the amount of indemnification or contribution from the Attorney Released Parties to which the non-settling person or entity would have been entitled. This provision is without prejudice to whatever rights any non- settling person or entity may have (if any) to setoff under applicable law in any action which is now pending or which may be brought in the future by or on behalf of the Receiver, the Receivership Entities, or any Investor.

**DONE** and **ORDERED** in Tampa, Florida, this 15th day of May 2023.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person

22

**Exhibit A**

**(List of Receivership Entities)**

EquiAlt LLC

EquiAlt Fund, LLC

EquiAlt Fund II, LLC

EquiAlt Fund III, LLC

EA SIP, LLC

EquiAlt Qualified Opportunity Zone Fund, LP

EquiAlt QOZ Fund GP, LLC

EquiAlt Secured Income Portfolio REIT, Inc.

EquiAlt Holdings LLC

EquiAlt Property Management LLC

EquiAlt Capital Advisors, LLC

Equialt Fund I, LLC and related properties:

| ADDRESS | FOLIO |
|---|---|
| 8820 CRESTVIEW DR, UNIT A, TAMPA, FL 33604 | 098861-5374 |
| 5135 TENNIS COURT CIR, TAMPA, FL 33617 | 142878-6142 |
| 7511 PITCH PINE CIR, UNIT 128, TAMPA, FL 33617 | 038945-5256 |
| 2302 MAKI RD, UNIT 45, PLANT CITY, FL 33563 | 205010-0290 |
| 7613 PASA DOBLES CT, TAMPA, FL 33615 | 004580-7906 |

128 E. Davis Blvd, LLC

310 78th Ave, LLC

551 3d Ave S, LLC

604 West Azeele, LLC

Blue Waters TI, LLC

2101 W. Cypress, LLC

2112 W. Kennedy Blvd, LLC

BNAZ, LLC

BR Support Services, LLC

Capri Haven, LLC

EA NY, LLC

Bungalows TI, LLC

EquiAlt 519 3rd Ave S., LLC

McDonald Revocable Living Trust

5123 E. Broadway Ave, LLC

Silver Sands TI, LLC

TB Oldest House Est. 1842, LLC

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**SECURITIES AND EXCHANGE COMMISSION,**

      **Plaintiff,**

**v.**                                                     **Case No. 8:20-cv-00325-MSS-MRM**

**BRIAN DAVISON;**
**BARRY M. RYBICKI;**
**EQUIALT LLC;**
**EQUIALT FUND, LLC;**
**EQUIALT FUND II, LLC;**
**EQUIALT FUND III, LLC;**
**EA SIP, LLC;**

      **Defendants, and**

**128 E. DAVIS BLVD, LLC, et al.,**

      **Relief Defendants.**

_____/

## ORDER

    **THIS CAUSE** comes before the Court for consideration of Non-Party Robert J. Armijo's Objection to the Proposed Bar Order, (Dkt. 869), and the response in opposition thereto. (Dkt. 875) Upon review of the relevant filings, the arguments made at the hearing on May 3, 2023, the applicable law, and being otherwise duly advised on the premises, the Court **OVERRULES** Non-Party Robert J. Armijo's Objection.

    The question before this Court is whether the proposed bar order is (i) essential and (ii) fair and equitable. See, e.g., In re Munford, Inc., 97 F.3d 449, 455 (11th Cir. 1996). Paul Wassgren, DLA Piper LLP (US), and Fox Rothschild LLP made clear in

1

sworn declarations, (Dkts. 911-1, 911-2, and 911-3), that, if the Bar Order is not entered, there would be no settlement. Counsel additionally made argument that the settlement is critical to the resolution of this action for the benefit of the Receivership. Therefore, based on the evidence in the record, the Court finds that entry of the Bar Order is "integral" and "essential" to the Settlement. See SEC v. Quiros, 966 F.3d 1195 (11th Cir. 2020).

This Court also finds entry of the Bar Order is also "fair and equitable" under the factors enumerated in Munford, 97 F.3d at 454-55, as explained below. Mr. Armijo's litigation in California against Paul Wassgren, DLA Piper LLP (US), and Fox Rothschild LLP arises from the same facts, acts, and omissions that are asserted in the Receiver's Action and the Investor Action. No colorable reading of Mr. Armijo's California claims will render them truly independent from the claims encompassed by Armijo's voluntary submission to the Receiver, through legal counsel, of a signed Proof of Claim Form ("POC") on December 20, 2021.

Moreover, Mr. Armijo was fully aware that he was submitting to the exclusive jurisdiction of this Court because the proof of claim provides that:

> **Any person** or entity submitting this Proof of Claim Form submits to the exclusive jurisdiction of the above-captioned Court **for all purposes, including**, without limitation, as to **any claims**, objections, defenses, or counterclaims that could be or have been asserted by the Receiver against such Claimant or the holder of such claim **in connection with this Receivership, including, those arising out of (1) any dealing or business transacted by or with any Receivership Entity and/or (2) any dealing or business transacted that relates in any way to any Receivership property**. Claimant further agrees by making this submission to waive any

right to a jury trial with respect to such claims, objections, defenses, and counterclaims.

(Dkt. 875-1) (emphasis added).

The Court's equity assessment is also impacted by the summary judgment ruling in Wiand v. Family Tree Estate Planning, No. 8:21-cv-361-SDM-AAS (M.D. Fla. Mar. 24, 2023) (the "**Receiver Sales Agent Action**"). In the Receiver Sales Agent Action, Mr. Armijo's theory regarding his involvement was not found to be strong or meritorious. Finally, the Court has considered that this Bar Order would resolve litigation with complex and novel claims, which if not resolved, would deplete the resources of the Receivership if litigation continued. See Munford, 97 F.3d at 454-455. This would in turn deplete and delay compensation to the victims of the conduct that led to the Receivership in the first instance. The Bar Order does not leave Mr. Armijo without a remedy. It does not prohibit Mr. Armijo from pursuing the claim asserted in his POC dated December 20, 2021. Furthermore, the Receiver may not assert the Bar Order as a defense to that claim or obtain a recovery from Mr. Armijo that would lead to a double recovery. The extent to which Mr. Armijo's recovery for the claim asserted in his POC, if any, will offset his liability in the Receiver Sales Agent Action will depend on the ultimate outcome of the Receivership claims process.

Additionally, and to the extent Mr. Armijo relies on the Sixth Circuit's decision in Digital Media Sols., LLC v. S. Univ. of Ohio, LLC, 59 F.4th 772, 773 (6th Cir. 2023), this Court finds that decision to be inapposite and nonbinding. Among other key differences, Mr. Armijo is not a stranger to the receivership, and the claims before

the Central District of California are identical to the claims presented to the Receivership. Thus, his posture and his claims are unlike the Art Students in <u>Digital Media</u> and their claims.

Binding circuit authority holds that under the facts presented in this Receivership, this Court has the authority to enter a bar order against the claims of Mr. Armijo and any other claimants against whom the bar order applies. <u>See</u> <u>Quiros</u>, 966 F.3d at 1199.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1.      Non-Party Robert J. Armijo's Objection, (Dkt. 869), is **OVERRULED**.

2.      The Receiver and Investor Plaintiffs' Joint Motion for (i) Final Approval of Proposed Settlements; (ii) Approval of Bar Orders; and (iii) Entry of Bar Orders, (Dkt. 760), is **GRANTED**. The Court will issue separate orders in accordance with this Order.

**DONE** and **ORDERED** in Tampa, Florida, this 15th day of May 2023.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person

4