UNITED STATES CIRCUIT COURT OF APPEALS
ELEVENTH CIRCUIT

APPEAL NO. 23-11979-G
District Court Case No. 8:20-CV-00325-MSS-MRM

ROBERT ARMIJO,

Appellant,

v.

BURTON WIAND, ET AL.,

Appellees.

Appeal from the United States District Court
for the Middle District of Florida

**APPELLANT ROBERT ARMIJO'S RESPONSE IN OPPOSITION
TO APPELLEE'S MOTION TO DISMISS FOR LACK OF
STANDING**

**GRIFFIN DURHAM TANNER &
CLARKSON, LLC**

R. Brian Tanner
104 West State Street, Suite 200
Savannah, Georgia 31401

*Counsel for Appellant*

## <u>CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT</u>

Pursuant to Eleventh Circuit Rule 26.1-1, undersigned counsel for appellant Robert Armijo hereby certifies that the following person(s) may have an interest in the outcome of this case:

1.    128 E. Davis Blvd, LLC - Defendant

2.    310 78th Ave, LLC - Defendant

3.    551 3D Ave S, LLC - Defendant

4.    604 West Azeele, LLC - Defendant

5.    2101 W. Cypress, LLC - Defendant

6.    2112 W. Kennedy Blvd, LLC - Defendant

7.    5123 E. Broadway Ave, LLC – Defendant

8.    Armijo, Robert Joseph – Appellant/Objector

9.    Balint, Francis J., Jr. – Attorney for Movant Investor Plaintiffs

10.    Bank of America, N.A. – Movant

11.    Bentley, Arthur Lee, III – Attorney for Movant DLA Piper LLP

12.    Blatt, Gayle M. – Attorney for Movant Investor Plaintiffs

13.    Blue Waters TI, LLC – Defendant

14.    Bnaz, LLC - Defendant

15. Bonnett Fairbourn Friedman & Balint – Attorneys for Movant Investor Plaintiffs

16. BR Support Services, LLC – Defendant

17. Bradley Arant Boult Cummings LLP – Attorneys for Movant DLA Piper LLP

18. Braverman, Jaimee L. – Attorney for Movant Bank of America, N.A.

19. Bungalows TI, LLC – Defendant

20. Burns, Guy M. – Attorney for Receiver

21. Bushman, Howard Mitchell – Attorney for Movant Investor Plaintiffs

22. Capri Haven, LLC – Defendant

23. Carlton Fields, P.A. – Attorneys for Movant Wassgren

24. Casey Gerry Schenk Francavilla Blatt & Penfield – Attorneys for Movant Investor Plaintiffs

25. Cohen, Lonnie – Former Attorney for certain Defendants

26. Contreras-Martinez, Carmen – Attorney for Defendant Ferrari Financial Services, Inc.

27. Cordano, Miguel Mario – Attorney for Movant Bank of America, N.A.

28. Cotchett Pitre & McCarthy, LLP – Attorneys for Objector Mar

29. Davis, Gerald D. – Attorney for Defendant Davison

30. Davison, Brian – Defendant

31. DLA Piper LLP - Movant

32. Donlon, Katherine C. – Attorney for Receiver

33. Dunn DeSantis Walt & Kendrick, LLP – Attorneys for Objector Armijo

34. EA NY, LLC - Defendant

35. EA SIP, LLC – Defendant

36. Edelsberg Law, P.A. – Attorneys for Movant Investor Plaintiffs

37. Essling, Mark, as executor of estate of Judith Essling - Movant

38. Equialt 519 3rd Ave S., LLC - Defendant

39. Equialt Capital Advisors

40. Equialt LLC – Defendant

41. Equialt Fund, LLC - Defendant

42. Equialt Fund II, LLC – Defendant

43. Equialt Qualified Opportunity Zone Fund, LP

44.  Equialt Secured Income Portfolio REIT, Inc.

45.  Farano, Charles – Defendant

46.  Fels, Adam Seth – Attorney for Defendant Rybicki

47.  Ferrari Financial Services, Inc. – Defendant

48.  Fischer, Howard Andrew – Attorney for Defendant Davison

49.  Fleesler, Gregory J. – Attorney for Defendant Davison

50.  Fox Rothschild LLP - Movant

51.  Friedman, Andrew S. – Attorney for Movant Investor Plaintiffs

52.  Friedman Fels & Soto, PLLC – Attorneys for Defendant Rybicki

53.  Gaugash, Simon Alexander – Attorney for Movant Paul Wassgren

54.  Genovese, Joblove & Battista, PA – Attorneys for Defendant
     Ferrari Financial Services

55.  Gunster – Attorneys for Movant Fox Rothschild LLP

56.  Harris, Charles M., Jr. – Attorney for Defendant Davison

57.  Investor Plaintiffs (approximately 1,100 investors in various
     Equialt entities) – Movants

58.  Jared J. Perez P.A. – Attorneys for Receiver

59.  Johnson, Alise M. – Attorney for SEC

60.  Johnson, Cassidy, Newlon & DeCort – Attorney for Receiver

61.   Johnson, Pope, Bokor, Ruppel & Burns, LLP – Attorneys for Receiver

62.   Kolod, Alexandra P. – Attorney for Defendant Davison

63.   Law Offices of Charles M. Farano – Attorneys for Defendant Farano

64.   Liebler, Gonzalez & Portuondo, PA – Attorneys for Movant Bank of America, N.A.

65.   Magilligan, Donald J. – Attorney for Objector Mar

66.   Mar, Robert G. – Objector

67.   Maria Yip CPA

68.   McDonald Revocable Living Trust – Defendant

69.   McFaul, James A. – Attorney for Objector Armijo

70.   Meek, David A., II – Attorney for Movant Essling

71.   Molumphy, Mark C. – Attorney for Objector Mar

72.   Morse, Adriaen M., Jr. – Attorney for Objector Armijo

73.   Moses & Singer, LLP – Attorneys for Defendant Davison

74.   Moskowitz, Adam M. – Attorney for Movant Investor Plaintiffs

75.   The Moskowitz Law Firm – Attorneys for Movant Investor Plaintiffs

76.   O'Brien, Russell – Attorney for SEC

77. Padgett Law, PA – Attorneys for Defendant Davison

78. Padgett, Stanley T. – Attorney for Defendant Davison

79. Perez, Jared J. – Attorney for Receiver

80. Prevost, Tamarah P. – Attorney for Objector Mar

81. Rybicki, Barry M. – Defendant

82. Rowe, Chanel – Attorney for SEC

83. Schifino, William J., Jr. – Attorney for Movant Fox Rothschild LLP

84. Schwartzbaum, Adam A. – Attorney for Movant Investor Plaintiffs

85. SECIL Law PLLC – Attorneys for Objector Armijo

86. Securities and Exchange Commission – Plaintiff

87. Shutts & Bowen LLP – Former Attorneys for certain Defendants

88. Silver Sands TI, LLC – Defendant

89. Smith, Gambrell & Russell LLP – Attorneys for Receiver

90. Sonn, Jeffrey Roger – Attorney for Movant Investor Plaintiffs

91. Sonn Law Group PA – Attorneys for Movant Investor Plaintiffs

92. Stallmo, Dawn – Intervenor Defendant

93. Stallmo, Scott – Defendant

94. State of Florida DBPR, Division of Hotels and Restaurants – Defendant

95.   Stines, Robert A. – Attorney for Receiver

96.   TB Oldest House Est. 1842, LLC – Defendant

97.   Trenam, Kemker, Scharf, Barkin, Frye, O'Neill & Mullis – Attorneys for Defendant Davison

98.   Trenam Law – Attorneys for Defendant Davison

99.   Wassgren, Paul - Movant

100.  Wiand, Burton W. – Receiver

101.  Wiand Guerra King – Receiver

Appellant Armijo certifies through counsel that he knows of no publicly traded company or corporation that has an interest in the outcome of the case or appeal.

## <u>TABLE OF CONTENTS</u>

CERTIFICATE OF INTERESTED PERSONS ............................. C-1 of 7

TABLE OF CONTENTS .............................................................i

TABLE OF AUTHORITIES .......................................................ii

INTRODUCTION...................................................................1

PROCEDURAL BACKGROUND...............................................3

ARGUMENT .......................................................................9

CONCLUSION ...................................................................20

CERTIFICATE OF COMPLIANCE........................................21

CERTIFICATE OF SERVICE................................................22

## <u>TABLE OF AUTHORITIES</u>

**CASES**

*AAL High Yield Bond Fund v. Deloitte & Touche, LLC*, 361 F.3d 1305

(11th Cir. 2004) ........................................................................ 19

*Devlin v. Scardelletti,* 536 U.S. 1 (2002) ....................................... *passim*

*Digital Media Solutions LLC v. South University of Ohio*, 59 F4th 772

(6th Cir. 2023) ............................................................................ 1

*Hinckley v. Gilman, C. & S.R. Co.*, 94 U.S. 467 (1876) ........................ 11

*In re Southeast Banking Corp, Sec. Litig.*, 51 F.3d 1003 (11th Cir. 1995)

............................................................................................ 14

*Kimberly Regenesis, LLC v. Lee County*, 64 F.4th 1253 (11th Cir. 2023)

........................................................................................ 11, 12

*Lindsey v. Fayette Cnty. Bd. Of Com'rs*, 542 F. App'x 747 (11th Cir.

2013) ...................................................................................... 19

*Marino v. Ortiz*, 484 U.S. 301 (1988) ........................................... 14

*United States v. Alabama*, 271 F.App'x 896 (11th Cir. 2008) .............. 13

*Williams v. Reckitt Benckiser LLC*, 65 F.4th 1243 (11th Cir. 2023) ..... 15

*Wolff v. Cash 4 Titles*, 351 F.3d 1348 (11th Cir. 2003) ..................... 13

**STATUTE**

28 U.S.C. § 1291 ...................................................................... 10

**RULES**

Fed. R. Civ. P. 24 ................................................................... 17

## I.    INTRODUCTION

This appeal challenges the district court's authority under an equity receivership to enter a "bar order" protecting non-receivership assets of non-receivership entities from non-receiver claims. The Sixth Circuit recently held that such an order "amounts to a remedy previously unknown to equity jurisprudence" and that "the district court lacked the authority to issue it." *Digital Media Solutions, LLC v. South University of Ohio*, 59 F.4th 772, 774 (6th Cir. 2023). "In normal circumstances, most lawyers would describe this [kind of] Bar Order as unprecedented." *Id.* at 781.

In the pending motion, the Appellee Receiver attempts to convince this Court that Armijo, the sole objector to that "bar order" and the individual most affected by it, lacks the ability to pursue this appeal. The Receiver makes that argument despite himself proposing that Armijo and other potential objectors be provided a process by which to be notified of and object to the proposed bar order, despite Armijo following that process to raise repeatedly in writing his objections to that order, despite Armijo and his attorneys appearing and arguing those objections "for two hours" at an approval hearing before the district court (Doc. 897-Pgs. 66-

1

67), and despite the district court recognizing that "the reality is, there's only one individual who is potentially affected by the bar that is being proposed, and that is Mr. Armijo." (*Id.* at 23.)

There is no question that Armijo has the ability to pursue this appeal. Article III standing is not at issue: Armijo has an interest in this proceeding that amply satisfies the constitutional requirements of injury, causation, and redressability, and the Receiver makes no argument in his motion that those sorts of prerequisites are lacking here. (Mot. at *passim*.) Rather, the Receiver here argues that Armijo lacks "statutory standing to appeal" because he never became a named party to the litigation before the district court and never formally intervened. (Mot. at 9.) That argument is entirely precluded by the Supreme Court's decision in *Devlin v. Scardelletti*, 536 U.S. 1, 7 (2002), and related cases, as discussed more fully herein. No one but Armijo ever challenged the "bar order," and, without Armijo's appeal, that "unprecedented" order will evade appellate review.

The motion to dismiss should be denied, and this appeal should proceed.

2

## II.    PROCEDURAL BACKGROUND

This appeal arises from a receivership action brought by the Securities and Exchange Commission ("SEC") to address a fraudulent investment scheme perpetuated by EquiAlt LLC and its principals Brian Davison and Barry Rybicki.  (Doc. 138, Amended Complaint.)    The district court appointed Burton Wield as receiver ("Receiver") to halt ongoing fraud conducted by EquiAlt LLC and related entities and to marshal and preserve investor assets.  (*Id.* at 1-5.)

The Receiver, along with counsel for certain aggrieved investors ("Investors"), pursued claims against a lawyer (Paul Wassgren) and two law firms (DLA Piper and Fox Rothschild LLP) who provided securities-related advice to EquiAlt during the course of the scheme.  The Receiver filed suit in Los Angeles County Superior Court (*Wiand v. Wassgren*, Case No. 20STCV49670), alleging that these Lawyer Defendants were "grossly negligent" and "knowingly aided, abetted and conspired with EquiAlt" to perpetuate the "fraudulent and illegal investment scheme." (Doc. 760-7, at 131.)  The Investors filed a federal class action (*Gleinn v. Wassgren*, 8:20-CV-01677, M.D. Fla.) asserting that the Lawyer Defendants knowingly aided and abetted that scheme.  (Doc. 760-6.)

3

In January 2023, the Receiver and Investors asked the district court to approve a $44 million settlement with the Lawyer Defendants. (Doc. 760.)  Part of that proposed settlement was a "bar order" that precluded the assertion of "any and all claims" ***by anyone*** against the Lawyer Defendants "that in any way relate to, are based upon, arise from, or are connected with" activities "with . . . EquiAlt . . . or persons or entities who offered for sale or sold any EquiAlt Securities, including but not limited to all Sales Agents and Non-Releasing Sales Agents." (Doc. 760-7, Pgs. 14-19.)

Armijo was one of the third-party "Sales Agents" who helped market and sell EquiAlt investments to investors. (Doc. 760-9, at 5.) He personally sued the Lawyer Defendants in Los Angeles County Superior Court in October 2022; that action was later removed to the United States District Court for the Central District of California.  In that lawsuit, Armijo alleged California state-law claims against the Lawyer Defendants for professional negligence, gross negligence, negligent misrepresentation, and aiding and abetting fraud. (Doc. 760-7, at 2-4.) Those claims were based on advice and assurances that the Lawyer Defendants gave ***to Armijo*** regarding the legitimacy of the EquiAlt

4

investments and the licenses Armijo needed to sell those investments. (*Id.*)  As a result of that advice, Armijo "became a target of actions by the SEC and . . . investors and court-appointed receiver [and his] reputation and business as a financial investment advisor [was] ruined."  (*Id.* at 5.)

As part of their motion for approval of the proposed settlement with the Lawyer Defendants, the Receiver and Investors asked the district court here to immediately "stay . . . any prosecution or further litigation by the parties to that certain action currently captioned as *Robert J. Armijo v. Paul R. Wassgren, et al.*, Case No. 2:22-cv-08851 . . . in the U.S. District Court for the Central District of California."  (Doc. 760-1, Pg. 11.)  Under their proposal, "Robert J. Armijo" personally was to be "restrained from prosecuting or litigating the claims in the Armijo Action."  (*Id.*)

Armijo immediately objected.  On January 19, 2023, he filed a detailed written opposition to the Receiver and Investor Plaintiffs' motion and asked the district court to allow him "to make a limited appearance in this Action to oppose" that motion.  (Doc. 777-Pg. 1.)  He specifically objected to the imposition of any stay of his California case against the Lawyer Defendants.  (*Id.* at 1-2.)  He argued that the district court "does not have the authority to stay or otherwise enjoin th[ose] claims," which

"are separate and distinct from any claims the Receiver has asserted against the Lawyer Defendants," and "are not claims against the Receiver, the Receivership Entities, or the Receivership assets." (*Id*. at 2.) He pointed out the "fundamental inequity" of permitting the Receiver and Investors to settle their claims against the Lawyer Defendants by "bar[ring Armijo] from having his day in court." (*Id*. at 3.)

Over Armijo's objection, the district court entered an order preliminarily approving the settlement on January 23, 2023. (Doc. 787.) The district court adopted the order proposed by the Receiver and Investors, including the explicit imposition of a stay of Armijo's California case against the Lawyer Defendants. (*See id*. at 5-6, 7, 9-11.)

The district court's preliminary order also "establish[ed] final approval procedures – including procedures for providing notice to parties affected by the Settlements, along with an opportunity to object and participate in the final approval hearing." (*Id*. at 5.) Direct notice of the proposed settlement was to be given to "all Parties who have filed a claim with the Receiver . . . as well as all other interested Parties to this case" (*id*. at 4), including specifically "all Sales Agents" (*id*. at 5.) The district court's order required "[a]ny person who objects to the terms of

6

the Settlement Agreement" to "file an objection, in writing" and "request[] to appear at the [final approval] hearing." (*Id.* at 7-8.) In the proposed settlement agreement, Armijo was specifically identified by the Receiver, Investors, and Lawyer Defendants as one of the "Sales Agents" entitled to notice and an opportunity to be heard. (Doc. 760-1, Pg. 6.)

Following the procedure set by the district court, Armijo thereafter filed a formal written objection. (Doc. 869.) He argued again there that "[t]here is no justification, in law or equity, for [the district court] to bar Armijo's claims against the Lawyer Defendants." (*Id.* at 2.) He contended that the district court "do[es] not have equitable power to bar a third-party's claims against a non-receivership entity," that "the Court cannot bar a non-settling party's *independent claims* against a settling defendant," and that entry of the proposed bar order "would not be fair or equitable." (*Id.* at 3-4.) The Receiver and Investor Plaintiffs responded to Armijo's objection. (Doc. 875.) Notably, they did not contend anywhere in their response that Armijo was not a proper party before the court or that he lacked standing. (*Id.* at *passim*.)

On May 3, 2023, the district court held a final settlement approval hearing, at which it primarily "hear[d] arguments by counsel regarding

7

the Objection filed by Mr. Armijo." (Doc. 895-Pg. 1.) Again, during this hearing, neither the Receiver nor the Investors argued that Armijo was an improper participant in that proceeding. (Doc. 897-*passim*.) Armijo there argued that the proposed bar order "will cut off every right that Armijo has to pursue independent California state law claims for . . . legal malpractice against law firms and a lawyer who provided him with improper legal advice." (*Id*. at 6.) The district court recognized that the bar order had a targeted effect on Armijo: "the reality is, there's only one individual who is potentially affected by the bar that is being proposed, and that is Mr. Armijo." (*Id*. at 23.) For "two hours" (*id*. at 66-67), the district court heard arguments at that hearing from counsel for Armijo and other counsel regarding Armijo's objections.

At the conclusion of the hearing, and based on arguments made by Armijo's counsel, the district court called for declarations from the Lawyer Defendants "as to the nature of the settlement and the bar [order] being essential to the settlement." (*Id*. at 62.) After those declarations were filed (Doc. 911), Armijo again objected in writing to the imposition of the bar order. (Doc. 913.) He argued that these "self-serving" declarations of the Lawyer Defendants:

do not have any probative value. Even if district courts had the authority to enter bar orders in the context of equity receiverships (they don't), and even if district courts could bar independent claims (they can't), and even if two of the largest law firms in the world could somehow show that it would be fair and equitable to bar the claims of a non-consenting, non-settling third party (whose personal and professional reputation the Lawyer Defendants irrevocably damaged) without providing *any* evidence as to the firms' available assets or insurance or potential liability (they can't), it would still be Movants' burden to show that the bar order is essential to the settlement. That burden cannot be met.

(Doc. 913-Pg. 3, internal citations omitted.)

Ultimately, the district court entered a written order specifically overruling Armijo's objections and granting final approval of the proposed settlement and bar order. (Doc. 914.) The effect of that bar order was to permanently enjoin Armijo personally from pursuing his claims against the Lawyer Defendants. Armijo filed a timely notice of appeal. (Doc. 932.) The Receiver's instant motion to dismiss followed.

## III.  ARGUMENT

The Supreme Court "ha[s] held that 'only parties to a lawsuit, or those that properly become parties, may appeal an adverse judgment.'" *Devlin v. Scardelletti*, 536 U.S. 1, 7 (2002). It "ha[s] never, however, restricted the right to appeal to named parties in the litigation." *Id.* In *Devlin*, for instance, the Supreme Court held "that nonnamed class

members . . . who have objected in a timely manner to approval of the settlement . . . have the power to bring an appeal without first intervening." *Id.* at 14. Critical to the *Devlin* Court's decision was the need to preserve the ability of an objecting individual bound by a settlement to seek appellate review:

> What is most important to this case is that nonnamed class members are parties to the proceedings in the sense of being bound by the settlement. It is this feature of class action litigation that requires that class members be allowed to appeal the approval of a settlement when they have objected at the fairness hearing. To hold otherwise would deprive nonnamed class members of the power to preserve their own interests in a settlement that will ultimately bind them, despite their expressed objections before the trial court. Particularly in light of the fact that petitioner had no ability to opt out of the settlement . . ., appealing the approval of the settlement is petitioner's only means of protecting himself from being bound by a disposition of his rights he finds unacceptable and that a reviewing court might find legally inadequate.

*Id.* at 10-11. Allowing appeal under those kinds of circumstances vindicates the "right to appeal from an action that finally disposes of one's rights," as contemplated by 28 U.S.C. § 1291. *Devlin*, 536 U.S. at 14.

The Receiver contends that these principles established in *Devlin* do not avail Armijo because they are limited to the class-action context and, here, "there is no settlement class, let alone one in which Armijo is

a member." (Mot. at 13-14.) That argument reads *Devlin* much too narrowly. In *Devlin* itself, the Supreme Court pointed to circumstances outside the class-action context in which non-named parties had been permitted to appeal. 536 U.S. at 7-8. For instance, in *Hinckley v. Gilman, C. & S.R. Co.*, 94 U.S. 467 (1876), the Supreme Court permitted appeal by a non-party receiver bound by court order to pay certain money, thereby "becom[ing] connected with the case . . . in a manner as to subject them to the jurisdiction of the court, and render them liable to its orders, . . . and in like manner [to] acquire rights in regard to the subject-matter of the litigation, which the court is bound to protect." 94 U.S. at 469.

Moreover, as this Court recently recognized, *Devlin* has prompted at least seven other circuits to establish "various tests for assessing when it is that a nonparty (who hasn't intervened) may appeal." *Kimberly Regenesis, LLC v. Lee County,* 64 F.4th 1253, 1261 (11th Cir. 2023) (collecting cases). None of those tests limit appeals by non-named parties to the class action context. *See id.* Rather, those circuits focus their tests on the actual facts the *Devlin* Court found important: whether the appealing non-party has been "bound by an underlying order" or has a "personal stake in the outcome," and whether that non-party

"participated in the proceedings below."[1]    *See* 64 F.4th at 1261.    As discussed *supra*, Armijo meets all those tests:  he was personally and specifically bound by the district court's order, and he substantively participated in the proceedings below.  He should be permitted to appeal the approval of this settlement and "bar order" that, over his repeated objections, significantly and quite intentionally affected his own rights and claims.

The Receiver cannot credibly argue that Armijo is not bound by the challenged bar order.  He, however, does throw out a red herring: that Armijo "did not participate in any manner whatsoever in either the Receiver Action or the Investor Action against the Lawyer Defendants, the cases resolved through the Settlement."    (Mot. at 14.) Armijo participated in the proceedings to approve the proposed settlement with

---

[1]    In *Kimberly Regenesis*, this Court did not need to decide "the precise contours of when it is" that a non-named party can appeal.  *Id*. at 1262.  To resolve that particular case, this Court only had "to agree with our sister circuits that the nonparty must have at least participated in the district court."    *Id*.    There, the county commissioner attempting to appeal "didn't participate in the district court."    *Id*. at 1262.  He "didn't object to the magistrate judge's order."    *Id*. at 1263.    "The commissioner finally appeared in the case – for the first time – in the notice of appeal."    *Id*.  This Court rightly concluded that "a nonparty who didn't participate in the district court may not appeal."    *Id*.

the Lawyer Defendants, through written objections (Docs. 777, 869, 913) and a two-hour argument before the district court (Doc. 897). Those proceedings and the resulting bar order, not the underlying actions being settled, are on appeal and at issue here.

The Receiver says that a non-party's participation below is insufficient for appeal where the district court merely "heard the non-party's objections in the matter before it." (Mot. at 12.) That argument contradicts *Devlin*, which permitted appeal by non-named class members based precisely on their objections before the district court. *See, e.g., United States v. Alabama*, 271 F. App'x 896, 898 (11th Cir. 2008) (citing *Devlin*, "[Appellants] are nonnamed class members who filed timely objections to the settlement agreements. Therefore, they satisfy the prudential standing requirements."). And the limited cases marshaled by the Receiver for this argument involve a different situation entirely: objections by non-named parties to an attorneys' fee award in a class settlement **under which those parties were not bound and none of their own rights or claims were compromised**. *See Wolff v. Cash 4 Titles*, 351 F.3d 1348, 1355 (11th Cir. 2003) ("[N]one of the appellants is responsible for paying the plaintiffs' attorneys' fees; none would suffer

13

any imaginable concrete injury if those fees were increased, nor would they enjoy any concrete benefit if those fees were eliminated altogether . . . The appellants have no legal basis for waging a battle that the allegedly injured class members elected not to pursue."); *In re Southeast Banking Corp., Sec. Litig.*, 51 F.3d 1003, 1004 (11th Cir. 1995) (pre-*Devlin* appeal of plaintiffs' attorneys' fee award following settlement of class action against bank; proposed appellant was administrator of pension plan for former employees of bank).  The real problem in those cases, for purposes of whether an appeal was permitted, was that the purported appellants had not been personally bound by the challenged order, not that they failed to participate substantively enough.

The Receiver contends in his motion that this issue is not controlled by the principles set down in *Devlin* at all but instead is governed by a pre-*Devlin* decision of the Supreme Court:  *Marino v. Ortiz*, 484 U.S. 301, 304 (1988).  (Mot. at 11-13.)  That same argument was made to, and explicitly rejected by, the *Devlin* Court:

> *Marino v. Ortiz* . . . is not to the contrary.  In that case, we refused to allow an appeal of a settlement by a group of white police officers who were not members of the class of minority officers that had brought a racial discrimination claim . . . . Although the settlement affected them, ***the District Court's decision did not finally dispose of any right or claim***

14

> **they might have had because they were not members of the class**.

*Devlin*, 536 U.S. at 9.  Unlike in *Marino*, the district court's order here **did** finally dispose of Armijo's rights and claims:  it in fact **specifically and permanently** barred Armijo from pursuing his pending claims against the Lawyer Defendants.  The district court recognized that its bar order targeted and singularly bound Armijo:  "the reality is, there's only one individual who is potentially affected by the bar that is being proposed, and that is Mr. Armijo." (Doc. 897-Pg. 23.)  Armijo suffered a distinct and personal detriment as a result of the settlement approved by the district court because "the Settlement releases any potential claims he has against" the Lawyer Defendants and he "will be precluded from seeking other forms of relief."  *Williams v. Reckitt Benckiser LLC*, 65 F.4th 1243, 1252 (11th Cir. 2023).

The Receiver suggests that this Court "has repeatedly recognized and firmly adhered to" what he contends is a "bedrock rule of appellate standing" requiring named-party status in order to appeal.  (Mot. at 9.) For that to be true (it isn't), this Court again would have to ignore the Supreme Court's decision in *Devlin*.  The two cases the Receiver cites in support of that argument do not support its broad proclamation.  In *In re*

15

*Zantac (Ranitidine) Prod. Liab. Litig.*, No. 23-10090-J, 2023 WL 2849068

(11th Cir. Mar. 22, 2023), this Court's decision amounted to a single

paragraph:

> Upon review of the record and the response to the jurisdictional question, this appeal is DISMISSED for lack of jurisdiction.  Appellant lacks standing to bring this appeal because there is no evidence on the record that he is, or has ever been, a party to this action.

*Id.* at *1.  The *pro se* litigant there submitted a handwritten response to

this Court's jurisdictional question that made no argument of personal

involvement in the underlying litigation or that the litigation disposed of

any claim he had. (No. 23-10090-J, Doc. 7)  This Court's decision in *Case

v. Ivey*, No. 21-10191-CC, 2021 WL 3124014 (11th Cir. Jun. 23, 2021),

again is a single paragraph:

> The motion to dismiss this appeal for lack of jurisdiction is GRANTED.  Charles Hatcher, II, appeals from the district court's . . . order . . . denying the plaintiffs' motion to file a second amended complaint joining Mr. Hatcher as a plaintiff. We lack jurisdiction because Mr. Hatcher lacks standing to appeal, as he is not a party to the lawsuit and has not moved to intervene.

*Id.* at *1.  In *Case*, the plaintiffs – who did not include Hatcher – asked

the Court to allow them to file an amended complaint adding Hatcher as

a party.  *See Case v. Ivey*, No. 2:20-CV-00777 (M.D. Ala.), Doc. 36.  The

Court refused.  *Id*., Doc. 39.  Hatcher, as "proposed plaintiff," purported to appeal.  *Id*., Doc. 41.  No evidence existed that Hatcher himself participated in anything or personally made any objection or argument before the district court.  What *In re Zantac* and *Case* really underscore is the principle set out in this Court's *Kimberly Regenesis* decision:  a non-party attempting to appeal must have actively participated in the proceedings before the district court. Unquestionably, Armijo here actively participated before the district court.

The Receiver claims that a "non-party" attempting to appeal must formally intervene under Fed. R. Civ. P. 24.  (Mot. at 10.)  In *Devlin*, the Supreme Court held – plainly – that "nonnamed class members who have objected in a timely manner to approval of the settlement at a fairness hearing have the power to bring an appeal ***without first intervening***." *Id*. at 14 (emphasis added).  That Court noted that "it was difficult to see the value of the [intervention] requirement" and that any concerns about non-party appeal "could be addressed by a standing inquiry at the appellate level."  536 U.S. at 12-13.  Requiring a formal intervention decision at the district court level "still would most likely lead to an appeal" and thus "would only add an additional layer of complexity before

the appeal of the settlement approval may finally be heard." *Id*. at 14. And the structure of the settlement approval proceedings – which already "allow[ed] nonnamed class members to object at the fairness hearing without first intervening" – "should similarly allow them to appeal the District Court's decision to disregard their objections" without intervening. *Id*. Those same arguments apply with full force here. Having proposed a settlement agreement that permanently compromised Armijo's ability to pursue litigation against the Lawyer Defendants, and having invited Armijo to file objections before the district court and be heard regarding those objections without requiring formal intervention, the Receiver should not now be allowed to insist upon the failure of Armijo to formally intervene as an expedient way of dismissing this appeal.

The Receiver points to three cases for their required-intervention argument; none support it. In all those cases, the appellant sought to appeal judgments ***that did not resolve the appellant's own claims and did not involve the appellant's active participation before the district court***. *See Daniels v. Upton, Ga. Dep't of Corr.*, No. 17-14067, 2018 WL 7572811, at *1 (11th Cir. Dec. 11, 2018) (appellant Waseem

Daker "seeking review of the district court's . . . final judgment that resolved the claims of the plaintiff Xavier Daniels"); *Lindsey v. Fayette Cnty. Bd. of Com'rs*, 542 F. App'x 747 (11th Cir. 2013) (plaintiff Richard Lindsay argued that Board of Commissioner districts were unconstitutional; district court issued consent decree and final judgment; appellants Ali and Aisha Abdur-Rahman attempted to intervene "several months after the case [before the district court] was terminated"); *AAL High Yield Bond Fund v. Deloitte & Touche LLP*, 361 F.3d 1305, 1310 (11th Cir. 2004) (finding that objector-appellants, who were specifically excluded from class settlement by district court "miss[ed] the point of *Devlin*, which was to allow appeals by parties who are actually bound by a judgment, not parties who merely *could* have been bound by the judgment. Persons who are not class members are not bound at all.").

According to the Receiver, Armijo has the right to pursue these same claims under the Proof of Claim he filed in the Receivership Action. (Mot. at 16.) As Armijo made clear before the district court, those claims – against EquiAlt and its principals – are not the same as his claims against the Lawyer Defendants. (Doc. 897-Pgs. 50-53.) The Receiver argues, finally, that equity does not weigh in favor of Armijo's appeal

19

because he "was an EquiAlt sales agent who actively assisted and facilitated the . . . Ponzi scheme by selling unregistered securities without any license to do so." (Mot. at 15.) Armijo claimed – in the lawsuit now barred by the settlement reached by the Receiver, Investors, and Lawyer Defendants – that it was the Lawyer Defendants' wrong and indeed fraudulent advice that led to his unknowing participation in that scheme. Pretermitting whether equity alone should ever define whether an aggrieved party has a right to an appeal, equity here demands that Armijo have the ability to challenge the entry of an order forever barring him from pursuing those claims against the Lawyer Defendants and clearing his name.

## IV.   CONCLUSION

For the foregoing reasons, Appellee Wiand's motion to dismiss should be denied.

GRIFFIN DURHAM TANNER & CLARKSON LLC

By: /s/ R. Brian Tanner
R. Brian Tanner
Georgia Bar No. 697615
btanner@griffindurham.com
104 West State Street, Suite 200
Savannah, Georgia 31401
Ph/Fax: 912-867-9140

20

## CERTIFICATE OF COMPLIANCE
## WITH TYPEFACE AND TYPE-STYLE REQUIREMENTS

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6), because this document has been prepared in a proportionally-spaced typeface using Microsoft Office Word in fourteen-point Century Schoolbook font.

GRIFFIN DURHAM TANNER & CLARKSON LLC

By: /s/ R. Brian Tanner
R. Brian Tanner
Georgia Bar No. 697615
btanner@griffindurham.com
104 West State Street, Suite 200
Savannah, Georgia 31401
Ph/Fax: 912-867-9140

21

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of Court for the U.S. Court of Appeals for the Eleventh Circuit by using the appellate CM/ECF system on August 10, 2023. Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

GRIFFIN DURHAM TANNER & CLARKSON LLC

By: /s/ R. Brian Tanner
R. Brian Tanner
Georgia Bar No. 697615
btanner@griffindurham.com
104 West State Street, Suite 200
Savannah, Georgia 31401
Ph/Fax: 912-867-9140

22